BERNARD EXLINE, Respondent, *v.* S. P. SMITH and A. R. McFARLAND, Appellants.

The Legislature alone can determine in what cases the right of trial by jury may be waived.

The words " prescribed by law," used in the Constitution, look to actual legislation upon the subject matter, and in no just sense can be construed into a permission for the exercise of this power by others.

APPEAL from the County Court of El Dorado County.

Assumpsit for work and labor done at defendants' request. At the trial, defendants requested a jury, which the Court refused, and proceed to try the case, and upon the proofs, gave judgment for plaintiff. Defendants appealed.

*C. B. Patterson* and *A. C. Campbell* for Appellant.

The ruling of the Court below was incorrect. Const. U. S. Const. Cal , Art. I, § 3.

*Reed & Ankeny* for Appellant.

No brief on file.

MURRAY, C. J., delivered the opinion of the Court. BRYAN, J., concurred.

The third section of the first article of the Constitution provides that " the right of trial by jury shall be secured to all, and remain inviolate for ever; but a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law."

The fifth chapter of the Act concerning Civil Cases, (page 55, Revised Statutes,) after providing the numerous cases in which a jury shall be deemed waived, adds: "The Court may prescribe by rule what shall be deemed a waiver in other cases."

The second subdivision of the third section thus quoted is directly in conflict with the third section of the Constitution of California. The Constitution has imposed the power as well as the necessity upon the Legislature, of determining in what cases a jury trial may be waived, which cannot be transferred or delegated to any other department of

Government. The words " prescribed by law," look to actual legisla-tion upon the subject, and in no just sense can be extended to a per-mission of the exercise of this power to others.

The right of trial by jury is too sacred in its character to be frit-tered away or committed to the uncontrolled caprice of every judge or magistrate in the State. Besides, the power to " prescribe by law" is legislative, and cannot be conferred on judicial officers, as was decided by us in " Burgoyne v. Supervisors."

From these reasons it follows, that, inasmuch as the appellant was refused a jury trial, in consequence of a rule of Court and not on account of any statute, that the Court below erred.

Judgment reversed with costs.