[Department Two. — October, 30, 1883.]

MARY CASSIDY, PETITIONER, *v.* J. F. SULLIVAN, JUDGE OF THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO.

DIVORCE— TRIAL BY JURY— CONSTITUTIONAL LAW.—In a suit for divorce, a trial by jury cannot be demanded as a matter of right under the Constitution.

APPLICATION for a writ of mandate.

The facts are stated in the opinion of the court.

*Tyler & Tyler*, for Petitioner.

*Cope & Boyd*, for Respondent.

PER CURIAM. — This is an application for a writ to compel the respondent, judge of the Superior Court, to have the issues of fact in a divorce case pending in said court tried by a jury. The clause of the Constitution mainly relied on reads as follows: " The right of trial by jury shall be secured to all and remain inviolate." (Const. art. i., § 7.) This implies the existence of the right. To secure is not to create or acquire, but " to make safe; to relieve from apprehensions of or exposure to danger; to guard, to protect."— *Webster*. Under the provisions of other constitutions and statutes quite as broad as the clause above cited, it has uniformly been held that the right to trial by jury was not intended to be extended to cases in which the right did not exist at common law. And the counsel for petitioner concedes that this has become too well established as to equity cases to admit of a change of the rule in that respect by the courts.

But the counsel insists that an action of divorce is not a case in equity, and cites the clause of the Constitution which confers jurisdiction on Superior Courts to show that actions of divorce are mentioned separately, as if they were different and distinct

from cases in equity. Admitting all that he claims in this respect, it by no means follows that the right of trial by jury is given in divorce cases. The right is denied in equity cases, not because they are equity cases, but because no such right ever existed in equity cases; and by parity of reasoning it should be denied in divorce cases because no such right ever existed in divorce cases. In *Koppikus* v. *State Capitol Commissioners*, 16 Cal. 248, the court, Field, C. J., delivering the opinion, said: "The provision of the Constitution that 'the right of trial by jury shall be secured to all, and remain inviolate forever,' applies only to civil and criminal cases in which an issue of fact is joined. The language was used with reference to the right as it exists at common law. . . . . It is in this common law sense that the language has always been regarded by the courts of this State. It is a right 'secured to all,' and inviolate forever, in cases in which it is exercised in the administration of justice according to the course of the common law, as that law is understood in the several States of the Union. It is a right, therefore, which can only be claimed in actions at law or in criminal actions where an issue of fact is made by the pleadings." It is, therefore, quite immaterial whether an action of divorce be a case in equity or not, so long as it is a case in which the right of trial by jury did not exist at common law, or otherwise. The clause of the Constitution relied on does not apply to it.

Application denied.