(17 Misc. Rep. 19.)

### In re UNDERHILL.

(Supreme Court, Special Term, Monroe County. May, 1896.

1. LIQUOR TAX CERTIFICATE—DISTANCE FROM SALOON TO DWELLING.

Under Laws 1896, c. 112 (Liquor Tax Law), § 17, subd. 8, prohibiting the issuance of a certificate to sell liquors in premises the nearest entrance to which is within 200 feet of the nearest entrance to a building or buildings occupied exclusively for a dwelling without the consent of two-thirds of the owners of such buildings, the distance should be measured by the shortest feasible way of passage from one to the other.

2. SAME—NEAREST ENTRANCE—STAIRWAY.

The entrance to premises situated on the second floor of a building is the foot of a stairway leading from the street, and which the occupant has the legal right to use, and does use, for access to the premises, though his use may be in common with others.

Application to revoke and cancel a liquor tax certificate issued to Frank P. Underhill, under the provisions of Laws 1896, c. 112 (Liquor Tax Law), § 17, subd. 8, and section 28, upon the ground that the nearest entrance to the respondent's premises in which he is engaged in the traffic in liquors is within 200 feet of the nearest entrance to a building or buildings occupied exclusively for a dwelling, and that the respondent, upon making his application for a certificate, did not file with his statement a consent in writing, executed by, at least, two-thirds of the owners of such buildings, that such traffic might be carried on in the place aforesaid. Granted.

Royal R. Scott, for petitioner.
John Colmey, for respondent.

NASH, J. The question presented here is whether, within the meaning and intent of the statute, the nearest entrance to the premises of the respondent is within 200 feet of the nearest entrance to a building or buildings occupied exclusively for a dwelling. The respondent's premises in which the traffic in liquors is carried on by him, under the certificate which he has obtained, consist of rooms, of which he is the lessee, occupied by him as a saloon, situate in the second story of the building, in the village of Victor, known as the "Lovejoy Block," the entrance to which is by a covered stairway leading up from the sidewalk below and in front of the building. The stairway is outside of the Lovejoy Building, and between that and another building, known as the "Simonds Block," the distance between the buildings being the width of the stairway. This stairway is used in common by the occupants of the second floors of both buildings.

It is contended on behalf of the respondent that the entrance to his premises is the door of his saloon at the head of the stairway, and that, measuring from that entrance down the stairs, and by the nearest feasible way, from the foot of the stairs to the nearest entrance of the nearest building exclusively occupied as a dwelling, the distance from the entrance to his saloon is over 200 feet; but, measuring the distance from the door of the saloon through buildings in an air line, the distance is less than 200 feet to several of the neighboring dwellings. The provision of the statute under consideration should have a reasonable construction, and it would seem that the most feasible way which one could go from the entrance to the saloon to the entrance to a dwelling, not necessarily by the sidewalks, but in an air line where it is practicable, as by going directly or diagonally across a street or a yard, or around the corner of a building, if that is the only way practicable to go from one point to the other, is the way of measurement in-

tended by the legislature. If a direct line from one place to the other in all cases were intended, the law should have so stated.

As to the question which shall be regarded as the nearest entrance,—the door entering the room, or the entrance at the foot of the stairway,—the case is not so clear. The door at the head of the stairway is the entrance to the respondent's premises. That is the entrance into his saloon from the outside of the building, and the only entrance thereto which he owns and has the exclusive control of; the stairway being used in common with the occupants of the other building. But the stairway is an entrance to his premises, and it also is an entrance which he has the legal right to use, and does use. If he had the exclusive use and control of the stairway under the demise of the saloon premises, there would, I think, be no question but that the entrance to the stairway would be regarded as the entrance to the respondent's premises, and the nearest entrance, within the meaning of the statute, from which the measurement to the entrances of the dwellings within 200 feet therefrom should be made. The fact that the demise is of the use of the stairway in common with others makes it no less an entrance to the respondent's saloon. The object of the provision of the statute under consideration is to remove places in which traffic in liquors is carried on from close proximity to dwellings. The law fixes 200 feet· between the nearest entrance to the dwelling and the nearest entrance to the premises where the traffic in liquor is carried on as the limit. These would, ordinarily, be the street entrances, and were, no doubt, the entrances which were intended to be taken for the purpose of the measurement. I am of the opinion that in this case the street entrance to the respondent's premises is the one, within the meaning of the statute, from which the measurement should be made. If the foot of the stairway is taken as the entrance to the respondent's premises from which to measure to the nearest entrance to a building occupied exclusively for a dwelling, measured in the way already indicated,—a direct line, over an unobstructed route, across the street to the entrance to the premises of Mr. Gallup, and thence directly to the entrance to his dwelling,—the distance is less than 200 feet; and consequently the respondent was not entitled to liquor tax certificate No. 29,332, issued to him by the treasurer of Ontario county. Order revoking and canceling the same granted. The question being new, it is without costs.