[No. S123344. Aug. 4, 2005.]

GRAFTON PARTNERS L.P. et al., Petitioners, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
PRICEWATERHOUSECOOPERS L.L.P., Real Party in Interest.

## COUNSEL

Howard Rice Nemerovski Canady, Falk & Rabkin, Jerome B. Falk, Jr., Steven L. Mayer; Bartko, Zankel, Tarrant & Miller, John J. Bartko, Christopher J. Hunt and Allan N. Littman for Petitioners.

McGuinn, Hillsman & Palefsky, Cliff Palefsky and Keith Ehrman for California Employment Lawyers Association as Amicus Curiae on behalf of Petitioners.

The Arns Law Firm, Morgan C. Smith, Robert S. Arns; Bruce R. Pfaff & Associates and Bruce R. Pfaff for the American Board of Trial Advocates as Amicus Curiae on behalf of Petitioners.

Law Offices of Public Advocates and Richard A. Marcantonio for Public Advocates, Inc., as Amicus Curiae on behalf of Petitioners.

The Sturdevant Law Firm, James C. Sturdevant and Monique Olivier for Consumer Attorneys of California, Trial Lawyers for Public Justice, Association of Trial Lawyers of America and National Association of Consumer Advocates as Amici Curiae on behalf of Petitioners.

No appearance for Respondent.

Gibson, Dunn & Crutcher, Daniel M. Kolkey, Scott A. Fink, Daniel S. Floyd, Theodore J. Boutrous, Jr., Julian W. Poon and Dominic Lanza for Real Party in Interest.

Deborah J. La Fetra and Timothy Sandefur for Pacific Legal Foundation as Amicus Curiae on behalf of Real Party in Interest.

Buchalter, Nemer, Fields & Younger, James B. Wright, Bernard E. Lesage; Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Richard M. Kohn, Kenneth S. Ulrich; Otterbourg, Steindler, Houston & Rosen, Bernard Beitel, Jonathan N. Helfat and Daniel Wallen for Commercial Finance Association as Amici Curiae on behalf of Real Party in Interest.

Morgan, Lewis & Bockius, Rebecca D. Eisen, Thomas M. Peterson, Brett M. Schuman and Amanda D. Smith for Employers Group as Amicus Curiae on behalf of Real Party in Interest.

Leland Chan for California Bankers Association as Amicus Curiae on behalf of Real Party in Interest.

National Chamber Litigation Center, Robin S. Conrad, Stephanie A. Martz; Mayer, Brown, Rowe & Maw, Donald M. Falk and Fatima Goss Graves for the Chamber of Commerce of the United States of America as Amicus Curiae on behalf of Real Party in Interest.

Wilson, Sonsini, Goodrich & Rosati, Nina F. Locker, Steven Guggenheim and Joni Ostler for New Focus, Inc., as Amicus Curiae on behalf of Real Party in Interest.

Allen Matkins Leck Gamble & Mallory, Bruce W. Hyman and Gregg J. Loubier for California Mortgage Bankers Association as Amicus Curiae on behalf of Real Party in Interest.

Erika C. Frank; Knox, Lemmon & Anapolsky, Thomas S. Knox and Glen C. Hansen for California Chamber of Commerce and California Retailers Association as Amici Curiae on behalf of Real Party in Interest.

Stephan, Oringher, Richman & Theodora, Harry W. R. Chamberlain, Robert M. Dato and Brian P. Barrow for Association of Southern California Defense Counsel as Amicus Curiae on behalf of Real Party in Interest.

Wilke, Fleury, Hoffelt, Gould & Birney, Matthew W. Powell, Megan A. Lewis; Willkie Farr & Gallagher, Kelly M. Hnatt; and Richard I. Miller for

American Institute of Certified Public Accountants as Amicus Curiae on behalf of Real Party in Interest.

Fred J. Hiestand for the Civil Justice Association of California as Amicus Curiae on behalf of Real Party in Interest.

## OPINION

**GEORGE, C. J.**—The present case concerns what is principally a question of statutory interpretation. At issue is Code of Civil Procedure section 631,[1] a provision prescribing the six means by which parties to a civil lawsuit may waive their right to have their disputes adjudicated in a jury trial rather than in a court trial. Petitioners contend a contractual agreement that is entered into prior to any dispute arising between the contracting parties is not one of the means authorized by statute. In consequence, they claim, their predispute agreement that any lawsuit between them and real party would be adjudicated in a court trial, and not by jury trial, was unenforceable. The Court of Appeal agreed with petitioners' contention, as do we, for the reasons that follow.

### I

In March 1999, petitioners engaged real party in interest PriceWaterhouse-Coopers L.L.P. (hereafter real party), an accounting firm, to audit certain accounts belonging to two of petitioners' partnerships, Grafton Partners L.P., and Allied. On March 11, 1999, real party sent petitioners an engagement letter confirming the terms of the retainer agreement. Under the heading "[r]elease and indemnification," the letter released real party from liability in the event of misrepresentation by the partnerships' management and specified that real party would not be liable to the partnerships except for willful misconduct or fraud. A waiver followed, expressed in these terms: "In the unlikely event that differences concerning [real party's] services or fees should arise that are not resolved by mutual agreement, to facilitate judicial resolution and save time and expense of both parties, [petitioners and real party] agree not to demand a trial by jury in any action, proceeding or counterclaim arising out of or relating to [real party's] services and fees for this engagement."

On June 27, 2002, petitioners filed a complaint against real party, alleging negligence, misrepresentation, and other causes of action based upon real party's asserted failure to disclose and its cover-up of fraudulent business

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

practices that it discovered during its audit. A third amended complaint was filed on March 19, 2003, and petitioners demanded a jury trial. The trial court, relying upon the waiver contained in the engagement letter, granted real party's motion to strike the jury demand.

Petitioners filed a petition for writ of mandate or prohibition in the Court of Appeal, and that court granted relief in petitioners' favor. It concluded that a predispute waiver of a jury trial is not authorized by section 631, and that only those waivers authorized by statute are consistent with article I, section 16 of the California Constitution. We granted real party's petition for review.

## II

When parties elect a judicial forum in which to resolve their civil disputes, article I, section 16 of the California Constitution accords them the right to trial by jury (with limited exceptions not relevant in the present case).[2] Our Constitution treats the historical right to a jury resolution of disputes that have been brought to a judicial forum as fundamental, providing that in "a civil cause," any waiver of the inviolate right to a jury determination must occur by the consent of the parties to the cause *as provided by statute*. (Cal. Const., art. I, § 16.)[3]

The statute implementing this constitutional provision is section 631. It holds inviolate the right to trial by jury, and prescribes that a jury may be waived in civil cases *only* as provided in subdivision (d) of its provisions. (§ 631, subd. (a).) Subdivision (d) describes six means by which the right to jury trial may be forfeited or waived, including failure to appear at trial, failure to demand jury trial within a specified period after the case is set for trial, failure to pay required fees in advance or during trial, oral consent in open court, or written consent filed with the clerk or the court.

## A

We begin with a discussion of the relevant state constitutional provision, because the one other Court of Appeal decision to have considered whether predispute jury trial waivers are enforceable concluded that, although section

---

[2] Family law proceedings and other actions as to which a right to jury trial did not exist at common law do not fall under this constitutional provision. (*Cassidy v. Sullivan* (1883) 64 Cal. 266 [28 P. 234].)

[3] Article I, section 16 provides in pertinent part: "Trial by jury is an inviolate right and shall be secured to all, but in a civil cause three-fourths of the jury may render a verdict. A jury may be waived in a criminal cause by the consent of both parties expressed in open court by the defendant and the defendant's counsel. *In a civil cause a jury may be waived by the consent of the parties expressed as prescribed by statute*." (Italics added.)

631 does not authorize such waivers, they are permissible without statutory authorization. (*Trizec Properties, Inc. v. Superior Court* (1991) 229 Cal.App.3d 1616 [280 Cal.Rptr. 885] (*Trizec*).) The appellate court reasoned that nothing in the applicable constitutional provision prohibits such waivers, which it found comparable to the arbitration clauses found in many contracts. (*Id.* at p. 1618.)

■    The difficulty with the analysis in *Trizec* is that it is inconsistent with an established line of cases beginning with an early decision of this court. In *Exline v. Smith* (1855) 5 Cal. 112 (*Exline*) and subsequent cases, we interpreted substantially similar constitutional language and held that the rules under which the parties to a lawsuit may waive a jury trial must be prescribed by the Legislature, which is without power to delegate to the courts the responsibility of determining the circumstances under which such a waiver may be permitted. (*Id.* at pp. 112–113; *People v. Metropolitan Surety Co.* (1912) 164 Cal. 174, 177 [128 P. 324]; *Biggs v. Lloyd* (1886) 70 Cal. 447, 448–449 [11 P. 831]; see also *Parker v. James Granger, Inc.* (1935) 4 Cal.2d 668, 679 [52 P.2d 226] [section 631 identifies the exclusive means by which the right to jury trial may be waived]; *Cohill v. Nationwide Auto Service* (1993) 16 Cal.App.4th 696, 700 [19 Cal.Rptr.2d 924] [same]; *Selby Constructors v. McCarthy* (1979) 91 Cal.App.3d 517, 524 [154 Cal.Rptr. 164] ["Section 631 has been repeatedly interpreted as setting forth strict requirements"]; *De Castro v. Rowe* (1963) 223 Cal.App.2d 547, 552 [36 Cal.Rptr. 53] ["It has been repeatedly held that trial by jury may be waived only in the manner designated by . . . section 631"]; 7 Witkin, Cal. Procedure (4th ed. 1997) Trial, § 113, p. 131.) Applying our decisions, and examining the history of the constitutional provision, the Court of Appeal in the present case similarly concluded that a waiver of the right to jury trial is permissible only to the extent expressly authorized by statute. In so holding, the Court of Appeal rejected the reasoning of the decision in *Trizec* that, although section 631 does *not* authorize predispute waivers of jury trial, such waivers, like those in arbitration agreements, are permissible on *nonstatutory* grounds. (*Trizec, supra,* 229 Cal.App.3d at p. 1618.) The Court of Appeal in the present case explained that nonstatutory authority for waiver of the right to jury trial is not permitted by our Constitution.

We can find no more succinct and accurate analysis of the relevant constitutional provision than that employed by Justice Simons writing for the Court of Appeal in its decision below: "The California Constitution, as originally adopted in 1849, set out the right to a jury trial in the strongest possible terms: ' "[T]he right of trial by jury shall be secured to all, and

remain inviolate for ever; but a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law." ' ([*Exline, supra,*] 5 Cal. 112, 112, quoting Cal. Const. of 1849, art. I, § 3.) Soon after the Constitution's adoption, the Legislature enacted a statute that set out specific situations in which a civil jury is deemed waived and then added, ' "The Court may prescribe by rule what shall be deemed a waiver in other cases." ' (*Exline,* at p. 112, quoting § 179 of the Cal. Civil Practice Act [Stats. 1851, ch. 5, § 179, p. 78].)[4]

"In *Exline* the Supreme Court considered a jury waiver that arose under a court rule adopted pursuant to the statute (§ 179 of the Cal. Civil Practice Act). The Supreme Court concluded that our Constitution forbids the creation of judicial rules of waiver, even if such rules are promulgated pursuant to a legislative delegation of such power to the judiciary. The court interpreted the phrase 'prescribed by law' within article I, section 3, of the California Constitution of 1849, to mean that the Legislature, alone, had the power to determine the circumstances under which a jury could be waived. 'The Constitution has imposed the power as well as the necessity upon the Legislature, of determining in what cases a jury trial may be waived, which cannot be transferred or delegated to any other department of Government. The words "prescribed by law," look to actual legislation upon the subject, and in no just sense can be extended to a permission of the exercise of this power to others. [¶] . . . [T]he power to "prescribe by law" is legislative and cannot be conferred on judicial officers . . . .' (*Exline, supra,* 5 Cal. at pp. 112–113.)

"Since *Exline* , the constitutional requirement that the Legislature prescribe the methods for a civil jury waiver has become firmly rooted. [The] Supreme Court has, on numerous occasions, stricken trial court rules and disapproved of appellate court decisions creating nonstatutory waivers. (See *People v. Metropolitan Surety Co.*[, *supra,*] 164 Cal. 174, 177–178 [128 P. 324] [invalidating local rule setting out nonstatutory basis for waiver]; *Biggs v. Lloyd*[, *supra,*] 70 Cal. 447 [11 P. 831] [same]; see *Robinson v. Puls* (1946) 28 Cal.2d 664, 666 [171 P.2d 430] [disapproving District Courts of Appeal cases finding waiver when party with legal and equitable claims failed to specify jury issues in its jury demand].)

---

[4] "Section 179 of the California Civil Practice Act provided: 'Trial by jury may be waived by the several parties to an issue of fact, in actions arising on contract; and with the assent of the Court in other actions, in the manner following: [¶] 1st. By failing to appear at the trial: [¶] 2d. By written consent, in person or by attorney, filed with the Clerk. [¶] 3d. By oral consent in open Court, entered in the minutes. The Court may prescribe by rule what shall be deemed a waiver in other cases.' "

"Post-*Exline* efforts to modify the California Constitution have reinforced the holding of that case. In the Constitutional Convention of 1878–1879,[5] it was proposed that the requirement of legislative action be deleted and the authority to waive a civil jury be granted to the parties on their own or acting with judicial approval.[6] The primary argument advanced on behalf of the proposed amendments was that the parties should have the freedom to agree to waive a right that belonged to them. Yet, the Convention rejected these proposals and reenacted the jury waiver provision without material change. In relevant part, the new provision stated: 'A trial by jury may be waived . . . in civil actions by the consent of the parties, signified in such manner as may be prescribed by law.' (Cal. Const. of 1879, art. I, § 7.) Because the Constitutional Convention of 1878–1879 reenacted the 'prescribed by law' terminology contained in the former versions of the California Constitution, it effectively incorporated *Exline*'s construction of that phrase. (See *Sarracino v. Superior Court* (1974) 13 Cal.3d 1, 8 [118 Cal.Rptr. 21, 529 P.2d 53].)

"Nearly a century later, in 1970, the California Constitution Revision Commission considered the impact of the right to jury trial on overcrowded court dockets, but concluded it lacked the expertise to prescribe significant changes, while other, more capable bodies were studying the problem.[7] (Transcript, Cal. Const. Revision Com. meeting of July 23, 1970, pp. 97–98.) The commission did adopt one pertinent modification, further clarifying that only the Legislature may prescribe the manner in which parties may consent to a civil jury waiver: 'In a civil cause a jury may be waived by the consent of the parties expressed as prescribed *by statute*.' (Minutes, Cal. Const. Revision Com. meeting of Oct. 8–9, 1970, pp. 5–7, italics added.) Later, the Legislature submitted this revision to the voters, who approved it in November 1974. (Ballot Pamp., Gen. Elec. (Nov. 5, 1974) Proposed Amends. to Cal. Const. with arguments to voters, pp. 26, 70.) The current jury waiver provision, now contained in article I, section 16 of the California Constitution, retains this language.

---

[5] "Comments made during the debate at a Constitutional Convention, including failed motions to amend, may properly be referenced for the light they shed on provisions actually enacted. (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1261–1262 [82 Cal.Rptr.2d 85, 970 P.2d 872]; *id.* at p. 1265 (conc. opn. of Baxter, J.); *Moss v. Superior Court* (1998) 17 Cal.4th 396, 419 [71 Cal.Rptr.2d 215, 950 P.2d 59].)"

[6] "During the 1878–1879 Constitutional Convention, various delegates made proposals to amend the Constitution's jury provision to give parties the express power to waive a jury, or to make jury waiver subject to judicial approval. The proposals were voted down. (1 Debates & Proceedings, Cal. Const. Convention 1878–1879, pp. 253, 255, 303–305.) [¶] . . . ."

[7] "Some of the organizations referenced were the California Conference of Judges, the Legislature, the Judicial Council of California, the State Bar of California and local bar associations. . . ."

"Hence, California constitutional history reflects an unwavering commitment to the principle that the right to a civil jury trial may be waived only as the Legislature prescribes, even in the face of concerns that the interests of the parties and the courts would benefit from a relaxation of this requirement."

The court in the *Trizec* case, however, failed to acknowledge the judicial decisions and the constitutional history described, *ante*, commenting merely that the constitutional provision "cannot be read to prohibit individuals from waiving, in advance of any pending action, the right to trial by jury in a civil case." (*Trizec, supra,* 229 Cal.App.3d at p. 1618.) The court drew support from decisions enforcing arbitration agreements, pointing out that such agreements also constitute a waiver of the right to jury trial, but nonetheless have been approved as a permissible means to " 'select a forum that is alternative to, and independent of, the judicial.' " (*Ibid.,* quoting *Madden v. Kaiser Foundation Hospitals* (1976) 17 Cal.3d 699, 714 [131 Cal.Rptr. 882, 552 P.2d 1178] (*Madden*).)

The analogy to arbitration agreements is not persuasive. Unlike predispute jury waivers, predispute arbitration agreements are specifically authorized by statute. (§ 1281 ["A written agreement to submit to arbitration an existing controversy *or a controversy thereafter arising* is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract"], italics added.) Moreover, as is demonstrated by the language quoted from our *Madden* decision, arbitration agreements are distinguishable from waivers of the right to jury trial in that they represent an agreement to avoid the judicial forum altogether. Specifically distinguishing arbitration from the waiver of jury trial authorized by section 631 (and refusing to apply that statute), we observed in *Madden* that a principal feature of an arbitration agreement is that the contracting parties agree they will "not submit[] their controversy to a court of law in the first instance." (*Madden, supra,* 17 Cal.3d at p. 713.)

In essence, real party concedes that jury waivers are permissible only to the extent they are authorized by statute, and merely claims that the history of article I, section 16 of the state Constitution does not suggest that delegates to the constitutional convention, subsequent legislators, or the voters by initiative measure intended to "suggest any level of specificity concerning, or policy toward the nature of, the legislative authorization of jury waivers in civil cases." According to real party, the constitutional provision was not intended to *"embody any particular policy* concerning the conditions under which a jury waiver might be appropriate. Rather, article I, section 16 . . . simply delegates to the Legislature—through the provision that waiver methods be 'prescribed by statute'—the task of making these policy judgments."

■ In the next part, we shall examine the text of the statute to determine whether a predispute waiver of the right to jury trial is consistent with the fairly specific language of the statute. But we reject at the outset real party's assertion that the constitutional provision discloses a neutral policy with respect to the issue of waiver of jury trial in a judicial proceeding. Our decision in the *Exline* case was based in part upon our understanding that the framers of the Constitution intended to restrict to the Legislature the power and obligation to establish rules for jury waivers, because "[t]he right of trial by jury is too sacred in its character to be frittered away or committed to the uncontrolled caprice of every judge or magistrate in the State." (*Exline, supra,* 5 Cal. at p. 113.) Later cases confirm that the right to trial by jury is considered so fundamental that ambiguity in the statute permitting such waivers must be "resolved in favor of according to a litigant a jury trial." (*Loranger v. Nadeau* (1932) 215 Cal. 362, 368 [10 P.2d 63], overruled on other grounds in *Reich v. Purcell* (1967) 67 Cal.2d 551, 555 [63 Cal.Rptr. 31, 432 P.2d 727].) Similarly, lower courts have observed that the right to trial by jury is so important that it must be "zealously guarded" in the face of a claimed waiver (*Byram v. Superior Court* (1977) 74 Cal.App.3d 648, 654 [141 Cal.Rptr. 604]). This has led to consistent interpretation of section 631 as providing strict and exclusive requirements for waiver of jury trial (*Selby Constructors v. McCarthy, supra,* 91 Cal.App.3d at p. 524) and requiring courts to resolve doubts in interpreting the waiver provisions of section 631 in favor of a litigant's right to jury trial. (*Cohill v. Nationwide Auto Services, supra,* 16 Cal.App.4th at p. 699; *Byram v. Superior Court, supra,* 74 Cal.App.3d at p. 654.) These principles of construction inform our interpretation of the statute, as we shall explain.

■ We agree with the Court of Appeal in the present case that, "[a]s our recitation of California's constitutional history reveals, unless the Legislature prescribes a jury waiver method, we cannot enforce it." To the extent *Trizec Properties, Inc. v. Superior Court, supra,* 229 Cal.App.3d 1616, holds that the right to jury trial may be waived in a manner that is without statutory authorization, it is disapproved.

## B

Having confirmed that waiver of the right to jury trial in a civil cause is permitted only as prescribed by statute, we turn to the relevant statute, which, as we have seen, should be interpreted strictly in order to preserve the right to jury trial. Section 631 is the sole statute governing waiver of a jury in a civil judicial proceeding. In subdivision (a) it provides: "The right to a trial by jury as declared by Section 16 of Article I of the California Constitution shall be preserved to the parties inviolate. In civil cases, a jury may *only* be waived pursuant to subdivision (d)." (§ 631, subd. (a), italics added.) Subdivision (d)

identifies the six means by which the right to a jury may be forfeited or waived, declaring: "A party waives trial by jury in any of the following ways: [¶] (1) By failing to appear at the trial. [¶] (2) By written consent filed with the clerk or judge. [¶] (3) By oral consent, in open court, entered in the minutes. [¶] (4) By failing to announce that a jury is required, at the time the cause is first set for trial, if it is set upon notice or stipulation, or within five days after notice of setting if it is set without notice or stipulation. [¶] (5) By failing to deposit with the clerk, or judge, advance jury fees as provided in subdivision (b). [¶] (6) By failing to deposit with the clerk or judge, at the beginning of the second and each succeeding day's session, the sum provided in subdivision (c)."

Real party contends that subsection (2) of subdivision (d) (§ 631, subd. (d)(2)) permits persons to waive jury trial by contract prior to any legal dispute, so long as one of them, subsequently having become a party to litigation concerning the legal dispute, files the waiver with the clerk or judge. Real party asserts the provision does not restrict the time at which the waiver agreement may be entered into. We agree with the Court of Appeal that our decision in *Madden, supra,* 17 Cal.3d 699, supports a contrary conclusion.

Madden, a party to a health care contract that contained an arbitration clause, relied upon section 631 in an effort to avoid arbitration of a dispute arising out of the contract. She asserted that the jury waiver contained in the arbitration clause was unenforceable because it failed to comply with section 631, yet resulted in the loss of the right to trial by jury. (*Madden, supra,* 17 Cal.3d at p. 713.)

This court disagreed, concluding that section 631 was more limited in its application than Madden claimed. Although an arbitration agreement results in the waiver of the right to jury trial, we concluded section 631 applied *only once litigation had commenced.* We said that the statute "*presupposes a pending action,* and relates only to the manner in which a party to such action can waive his right to demand a jury trial instead of a court trial. It does not purport to prevent parties from avoiding jury trial by not submitting their controversy to a court of law in the first instance. Indeed it has always been understood without question that parties could eschew jury trial either by settling the underlying controversy, or by agreeing to a method of resolving that controversy, such as arbitration, *which does not invoke a judicial forum.*" (*Madden, supra,* 17 Cal.3d at p. 713, italics added.)

In other words, it was our view that section 631 applies only once there is a pending action—once the parties have "submitt[ed] their controversy to a court of law." (*Madden, supra,* 17 Cal.3d at p. 713.) By inference, only

persons who already *are parties to a pending action* may enter into a waiver of jury trial as provided by the statute. And as the Court of Appeal in the present case reasoned, "[i]f only parties to a pending action may waive a jury under section 631, then it is logical to conclude that both the *execution* of the written consent and the *filing* of that consent must occur during the pendency of the civil action."

We also note that, although the decision in *Trizec, supra,* 229 Cal.App.3d 1616, determined that a predispute waiver of jury trial was permissible on nonstatutory grounds—a conclusion correctly rejected in the present case by the Court of Appeal, as established in the preceding part—*Trizec* relied upon language quoted, *ante,* from our *Madden* decision in concluding that section 631 does *not* authorize such waivers. (*Trizec, supra,* 229 Cal.App.3d at p. 1618.)

Real party objects, claiming the circumstance that section 631 "presupposes a pending action" (*Madden, supra,* 17 Cal.3d at p. 713) "does not mean that written consents cannot be prepared before the action is instituted and then filed in court during the pending action within the meaning of section 631(d)(2)." It claims that the "manner of waiver" referred to in our *Madden* decision "involves merely the effectuation of the waiver. In this case, the manner of effectuation was the filing of the written consent 'with the clerk or judge.' (§ 631(d)(2).)" Somewhat inconsistently, it claims our *Madden* decision concerned arbitration proceedings, not jury trial waivers pursuant to section 631, rendering mere dicta the excerpts from *Madden* relied upon by the Court of Appeal. Real party urges this court to rely upon the asserted *plain meaning* of the statute, contending that "nothing in the plain language of section 631(d)(2) provides that the written consent must be prepared or executed at any particular time, only that it must be 'filed with the clerk or judge.' "

■    We are not persuaded by real party's claims. As noted, *ante,* because our state Constitution identifies the right to jury trial as "inviolate" (Cal. Const., art. I, § 16), any ambiguity or doubt concerning the waiver provisions of section 631 must be "resolved in favor of according to a litigant a jury trial." (*Loranger v. Nadeau, supra,* 215 Cal. at p. 368; see *Cohill v. Nationwide Auto Services, supra,* 16 Cal.App.4th at p. 699; *Byram v. Superior Court, supra,* 74 Cal.App.3d at p. 654.) We believe the language of section 631, subdivision (d) strongly suggests that waiver of the right to jury trial must occur subsequent to the initiation of a civil lawsuit. At the very least, section 631, subdivision (d)(2) is ambiguous concerning the validity of waivers entered into prior to the emergence of a legal dispute.

We look first to the words of the statute in an attempt to ascertain legislative intent, examining the disputed phrases in the context of the statute as a whole. (See *Olmstead v. Arthur J. Gallagher & Co.* (2004) 32 Cal.4th 804, 811 [11 Cal.Rptr.3d 298, 86 P.3d 354]; *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900–901 [135 Cal.Rptr.2d 30, 69 P.3d 951].)

We observe that the grammar of section 631, subdivision (d) strongly supports the inference that both the agreement to waive jury trial and the filing of any such agreement must occur subsequent to the commencement of the lawsuit. The term "party" at the beginning of section 631, subdivision (d) is the subject of each of the following six subsections. These subsections set out the *exclusive* permissible methods by which a "party" may waive a jury. (*Parker v. James Granger, Inc., supra,* 4 Cal.2d at p. 679.) *Grammatically,* the term "party" must carry the same meaning for each subsection for which it is the subject. For five out of the six subsections prescribing the exclusive method by which jury trial may be waived, the term "party" can refer *only* to a party to an *ongoing* lawsuit; specifically, the subdivision provides that a "party" waives jury trial by failing to appear at the trial, by consent in open court, by failing to demand a jury within a specified period after the case is set for trial, or by failing to deposit jury fees in advance of or during trial with the clerk or judge. The word "party" must carry the same meaning in the subsection that concerns us, leading to the conclusion that a person must be a party to a lawsuit in order to waive jury trial.

Similarly, the circumstance that five of the six subsections of section 631, subdivision (d) refer to an act or omission that, as a *temporal* matter, must occur *entirely* during the period following the commencement of litigation strongly suggests that the waiver described in subsection (2) also refers to an act that is undertaken entirely during the period after the lawsuit was filed. Specifically, a failure to appear, to demand jury trial, or to pay necessary fees—or an oral consent in open court—must occur in its entirety after the litigation has commenced. If the Legislature had intended a different temporal reach for section 631, subdivision (d)(2), we believe it would have explicitly stated so—as it did in connection with arbitration and reference agreements. (See §§ 638, 1281.)

Furthermore, section 631, subdivision (d) is phrased in the present tense. The subdivision provides that the party, that is, the party to a lawsuit, permissibly "waives" jury trial (thereby agreeing to a court trial) by written consent filed with the clerk or the court. Thus the person must be a party when he or she "waives" the right to jury trial; there is no reference in the past tense to any action taken by nonparties prior to the initiation of the lawsuit.

We also observe that, in five of the six subsections of section 631, subdivision (d), persons may lose the important right to have their disputes adjudicated before a jury (rather than by the court) only by their *own* act or failure to act after the litigation begins. Specifically, parties to lawsuits may lose their right to jury trial by their own failure to appear, to demand jury trial, or to pay necessary fees, or by their acts in open court. Under real party's theory, however, the *opposing* party in the lawsuit unilaterally can precipitate his or her opponent's loss of the right to a jury trial by filing, once a lawsuit commences, an agreement that was entered into prior to the dispute and prior to the filing of a lawsuit. We do not see any textual support for the result that would follow from real party's interpretation.

■ Ordinarily we interpret related statutory provisions on the assumption that they each operate in the same manner, and courts may conclude that the Legislature would not intend one subsection of a subdivision of a statute to operate in a manner " 'markedly dissimilar' " from other provisions in the same list or subdivision. (*People ex rel. Lungren v. Superior Court* (1996) 14 Cal.4th 294, 307 [58 Cal.Rptr.2d 855, 926 P.2d 1042].) This canon of statutory construction, known as *noscitur a sociis*, supports our interpretation of section 631, as the Court of Appeal recognized. Under this canon, "the meaning of a word may be ascertained by reference to the meaning of other terms which the Legislature has associated with it in the statute, and . . . its scope may be enlarged or restricted to accord with those terms." (*People v. Rogers* (1971) 5 Cal.3d 129, 142 [95 Cal.Rptr. 601, 486 P.2d 129] (conc. & dis. opn. of Mosk, J.); see also *People v. Jones* (2003) 112 Cal.App.4th 341, 354 [4 Cal.Rptr.3d 916] (conc. & dis. opn. of Kolkey, J.) [" 'a word takes meaning from the company it keeps' "]; *Blue v. Bontá* (2002) 99 Cal.App.4th 980, 990 [121 Cal.Rptr.2d 483].) Employing this aid to interpretation, and recalling that any doubts in interpreting section 631 should be resolved in favor of preserving the right to jury trial, we do not believe the language of section 631 supports real party's view.

■ We also do not find any indication the Legislature intended the result proposed by real party. On the contrary, when the Legislature has authorized waiver of the right to trial in a court of law prior to the emergence of a dispute, it has done so explicitly. As already noted, for example, section 1281, authorizing arbitration agreements, provides: "A written agreement to submit to arbitration an existing controversy *or* a controversy *thereafter arising* is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract." (Italics added.) Section 638, authorizing courts to transfer a dispute to a referee upon the agreement of the parties, initially provided that a referee may be appointed "upon the agreement of the parties filed with the clerk, or judge, or entered in the minutes" (Stats. 1951, ch. 1737, § 93, p. 4117), but that statute was amended in 1982 to include

predispute agreements, now authorizing a judicial reference "upon the agreement of the parties filed with the clerk, or judge, or entered in the minutes, *or upon the motion of a party to a written contract or lease that provides that any controversy arising therefrom shall be heard by a referee* . . . ." (§ 638, as amended by Stats. 1982, ch. 440, § 1, p. 1810, italics added.)

As we noted in our *Madden* decision, the purpose of section 631 is to implement article I, section 16 of the state Constitution (*Madden, supra,* 17 Cal.3d at p. 712), a constitutional provision intended to *safeguard* the right to jury trial. Further, as explained by the Court of Appeal in the present case, article I, section 16 of the state Constitution requires the Legislature to *prescribe* the methods by which the right to jury trial may be waived, and "[t]he lack of legislative direction in section 631 on the enforceability of predispute jury waivers hardly constitutes the legislative *prescription* required by our Constitution." Resolving any ambiguity in favor of preserving the right to jury trial, as we must, we conclude section 631 does not authorize predispute waiver of that right.

### C

We now address real party's objections to the conclusion reached by the Court of Appeal.

Real party asserts that nothing in the legislative history of section 631 explicitly supports the view that the statute was intended to impose a temporal limitation on when the written consent is prepared and entered into.

We find that, to the extent the relevant history provides any guidance at all, it yields the opposite conclusion. The predecessor to section 631 was adopted in 1851, providing in relevant part that "[t]rial by jury may be waived by the several parties to an issue of fact, in actions arising on contract; and with the assent of the Court in other actions, in the manner following: [¶] 1st. By failing to appear at the trial: [¶] 2d. By written consent, in person or by attorney, filed with the Clerk. [¶] 3d. By oral consent in open Court, entered in the minutes." (Stats. 1851, ch. 5, § 179, p. 78.) The statute was reenacted in 1872 without change, as part of the Code of Civil Procedure, and was amended various times to add provisions that appear in the current statute.

In the 1851 and 1872 version of the statute quoted, *ante,* a jury waiver was permissible under three circumstances that applied equally in contract and noncontract actions. In addition, a jury waiver in actions other than those arising out of a contract claim required the assent of the court. Necessarily, then, waivers in noncontract cases could not be accomplished until after the litigation commenced. Yet the three types of waiver available in noncontract

actions—failure to appear, written consent filed with the clerk, and oral consent in open court—were the very same types of waiver that were available in contract actions, suggesting that for *all* actions, a waiver could be accomplished only after the commencement of the litigation. Furthermore, the statute referred to waiver by "parties" in "actions," implying that the waiver would occur in the context of ongoing litigation.

Real party asserts that the predecessor to section 631 was based upon the 1850 New York Code of Civil Procedure.[8] Real party adds that New York courts enforce predispute jury waivers. We agree that the New York statute, which was part of the influential Field Code, was the model for our own, but this fact adds little weight to real party's position. Unlike the California decisions reviewed, *ante*, New York courts hold that the relevant statute is *not the exclusive source of authority* for waiver of the right to jury trial; rather, waiver is not limited to the modes established by the relevant statute. (*Baird v. Mayor* (1878) 74 N.Y. 382 [the right to jury trial is not entitled to special protection, and courts may approve waivers "not provided for by any statute"]; *R. J. Marshall, Inc. v. Turner Const. Co.* (1954) 207 Misc. 490 [137 N.Y.S.2d 541, 543], affd. 285 A.D. 1164 [141 N.Y.S.2d 824]; *In re Slade* (1943) 182 Misc. 21 [43 N.Y.S.2d 281, 283]; West's N.Y. McKinney's Forms (2005) Civil Practice Law and Rules, Trials, § 7:302(c); but see *Moot v. Moot* (N.Y. App. 1915) 214 N.Y. 204 [108 N.E. 424, 426].) We have not discovered any New York authority that relies upon the statute cited by real party in support of the conclusion that predispute waiver of jury trial is permissible. Indeed, real party does not claim that the original New York enactment that formed the basis for section 631 itself has been interpreted as authorizing predispute waivers, but merely asserts that New York courts have "long enforced predispute jury waivers, albeit often with little analysis."

Furthermore, this is not the first time we have declined to be guided by the practice in an asserted majority of other jurisdictions—including New York—when interpreting section 631. For example, relying upon this state's unique constitutional provision and the exclusive nature of the waiver provisions set out in section 631, we declined to follow the asserted majority practice of *presuming* that mutual motions for directed verdict constitute a waiver of jury trial. (*Parker v. James Granger, Inc., supra,* 4 Cal.2d at pp. 679–680; see also *Wells v. Lloyd* (1936) 6 Cal.2d 70, 75 [56 P.2d 517] [referring to the majority rule on waiver by mutual motion for directed verdict as the "New York rule"]; 7 Witkin, Cal. Procedure, *supra*, Trial, § 113(c), p. 131.)

---

[8] In 1850, section 796 of the New York Code of Procedure provided: "Trial by jury may be waived by the several parties, to an issue of fact, in actions arising on obligations, and with the assent of the court[] in other actions, in the manner following: [¶] 1. By failing to appear at the trial: [¶] 2. By written consent, in person or by attorney, filed with the clerk: [¶] 3. By oral consent in open court, entered in the minutes."

Real party's legislative acquiescence claim is equally unhelpful to its position. It is premised upon the Legislature's having amended section 631 on four occasions subsequent to the decision of the court in *Trizec, supra,* 229 Cal.App.3d 1616, thereby evidencing legislative acquiescence in the conclusion reached by that court. But the court in *Trizec* concluded that section 631 does *not* authorize predispute waivers.

Although real party has supplied material relating to the legislative history of section 631, apart from evidence that the California statute was based upon a New York model, real party does not claim these materials disclose an express legislative intent to authorize predispute jury waivers at the time the predecessor to section 631 originally was enacted. Nor does real party supply evidence that such an intent developed and was expressed on any subsequent occasion when the Legislature amended the statute.

■ Next, real party asserts that its interpretation of section 631's "plain language" serves the settled expectations of many persons who have entered into waivers in reliance on the *Trizec* decision.[9] Real party comments that the principle of stare decisis is intended to serve such reliance interests, and urges that we not disturb the result of the *Trizec* decision. We note with interest that real party does not defend *Trizec*'s identification of a nonstatutory basis for predispute waiver of jury trial, however, apparently acknowledging that a nonstatutory basis for a waiver of jury trial is not permitted by our Constitution. In any event, this court, of course, is not bound to follow this decision of a single intermediate appellate court, and in past cases we have declined to consider reliance upon Court of Appeal decisions when we are called upon to determine for the first time whether those decisions were correct. (*Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 689, fn. 28 [254 Cal.Rptr. 211, 765 P.2d 373].)

Real party draws our attention to asserted anomalies created by the conclusion we reach. First, it points out that section 631 permits parties to forfeit the right to jury trial even if the forfeiture is caused by their own negligence in failing to file a timely demand for jury trial (see § 631,

---

[9] Real party contends two subsequent decisions have relied upon *Trizec, supra,* 229 Cal.App.3d 1616. Both cases concerned arbitration agreements, however. One referred to the *Trizec* decision in passing, noting only that the decision had approved predispute jury waivers. (*Lagatree v. Luce, Forward, Hamilton & Scripps* (1999) 74 Cal.App.4th 1105, 1117 [88 Cal.Rptr.2d 664].) Also in the context of interpreting an arbitration agreement, the other case relied upon *Trizec*'s warning that a predispute jury waiver " 'must be clearly apparent in the contract and its language must be unambiguous and unequivocal, leaving no room for doubt as to the intention of the parties.' " (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 804 [79 Cal.Rptr.2d 273].) Because these decisions did not consider whether predispute jury waivers are consistent with California law, they do not constitute authority on that issue and they add no weight to real party's claims.

subd. (d)(4)), or their failure to deposit necessary fees in a timely manner. (See § 631, subd. (d)(5), (6).) It would be anomalous, according to real party, to permit loss of the important right to jury trial through negligence, while prohibiting a knowing, voluntary, written waiver of the right entered into before any dispute has arisen between parties to a contract.

We do not believe our interpretation produces an anomalous result. The forfeiture provisions upon which real party relies were created by the *Legislature*. They form part of a considered procedural scheme intended to create a balanced adversarial system and a fair system of public administration of justice—a system that can be altered by legislation after due deliberation.

The Legislature evidently had confidence that the initiation of a lawsuit within the adversarial system would sufficiently focus the attention of the litigants to produce a considered decision whether to demand—and pay for—a jury trial based on an informed understanding of the stakes involved. Once litigation commences and the time to demand a jury trial approaches, parties ordinarily have counsel and their decision whether to demand jury trial is likely to be a part of their litigation strategy. The adversarial system is premised upon the making of such considered, strategic decisions.

Real party next questions why we would recognize the validity of arbitration agreements that are entered into in advance of any dispute— agreements that waive an entire package of trial rights—but balk at permitting a more limited waiver in the form of a predispute waiver of jury trial. The answer is readily apparent: the Legislature has enacted a comprehensive scheme *authorizing* predispute arbitration agreements (§ 1280 et seq.), expressing a strong state policy favoring arbitration. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9 [10 Cal.Rptr.2d 183, 832 P.2d 899].) As was stated by the Court of Appeal in the present case, "[t]here is no comparable state policy favoring court trials in the judicial forum. To the contrary there exists a long-standing public policy in favor of trial by jury."

In addition, arbitration (like reference hearings) conserves judicial resources far more than the selection of a court trial over a jury trial. It therefore is rational for the Legislature to promote the use of arbitration and reference hearings by permitting predispute agreements, while not according the same advantage to jury trial waivers.

Real party asserts that the conclusion we reach would promote an increase in the number of arbitration agreements and jury trials, and would isolate California commercial enterprises from their counterparts in other jurisdictions where predispute waivers of the right to jury trial are permitted.

To begin with, we find no basis for the unsupported assumptions that our conclusion would promote additional jury trials or arbitrations or, if it did so, that such a result would contravene public policy. With respect to the practice of other jurisdictions, we acknowledge that the majority of state and federal jurisdictions permit predispute waiver of the right to jury trial. (See Annot., Contractual Jury Trial Waivers in State Civil Cases (1996) 42 A.L.R.5th 53 [collecting cases]; Annot., Contractual Jury Trial Waivers in Federal Civil Cases (1989) 92 A.L.R.Fed. 688 [collecting cases].) But there is no indication that in other jurisdictions there are constitutional provisions like California's that have been interpreted as requiring *exclusively legislative* authorization for waiver of the right to jury trial in civil cases. (See, e.g., *Baird v. Mayor, supra*, 74 N.Y. 382; *Lowe Enterprises v. Dist Ct.* (Nev. 2002) 118 Nev. 92 [40 P.3d 405, 410]; *Malan Realty Investors, Inc. v. Harris* (Mo. 1997) 953 S.W.2d 624, 625–627.) Moreover, real party has not cited, and our research has not disclosed, any case holding that language such as that found in section 631 would authorize predispute waiver of jury trial.[10]

We believe that real party's contention concerning the practice of other jurisdictions is better addressed to the Legislature, which can evaluate the benefit of joining these other jurisdictions, study the problems identified by courts in other jurisdictions with respect to predispute waivers (especially in the context of form consumer agreements; see fn. 12, *post*), and provide safeguards that are best suited to protect litigants against such problems.[11]

Pacific Legal Foundation, as amicus curiae in support of real party, contends we should uphold freedom of contract in connection with predispute waivers. Putting aside consideration of the state Constitution and the language of section 631, we observe that even those jurisdictions permitting predispute waiver of the right to jury trial do not uncritically endorse unregulated freedom of contract; rather, they seek to protect the constitutional right to jury trial with a number of safeguards not typical of commercial law, including requirements that the party seeking to enforce the agreement bear the burden of proving that the waiver clause was entered into knowingly and voluntarily, restrictions on the types of contracts that may contain jury

---

[10] Rather, our research has disclosed at least one decision reaching a contrary result. (See *Malan Realty Investors, Inc. v. Harris, supra*, 953 S.W.2d at pp. 625–627 [finding that a rule of court similar to section 631 applies only to pending actions, even though predispute contractual waivers *not* authorized by the rule nonetheless should be permitted].)

[11] For example, the Legislature recently incorporated a variety of safeguards and constraints in legislation relating to premarital support and property agreements. (See Fam. Code, §§ 1612, 1615, as amended by Stats. 2001, ch. 286, §§ 1, 2 [requiring that the agreement be in writing and providing various protections for the party against whom enforcement is sought relating to the issue of voluntariness, including the timing of the waiver agreement, the presence of counsel, explicit explanation of the rights being waived, language proficiency, and other matters].)

waivers, presumptions against a finding of voluntariness, inquiries regarding the parties' representation by counsel as well as relative bargaining power and sophistication, and consideration of font size and placement of the waiver clause within the contract.[12] Safeguards such as these may be effectively drawn by the Legislature, which may determine which limitations best serve both private and public interests, keeping in mind potentially divergent concerns faced by business entities negotiating commercial contracts, on the one hand, and consumers presented with form contracts, on the other. Our reluctance to substitute our judgment for that of the Legislature in this context must be especially marked, because of the state constitutional requirement that waiver of the right to jury trial be prescribed only by statute. That reluctance is fortified by our awareness of the difficulties experienced in other jurisdictions, where disagreements persist concerning such matters as allocation of the burden of proof when a party resists enforcement of a contractual waiver of jury trial. (See fn. 12, *ante*.)

---

[12] Some (perhaps most) of the courts endorsing predispute jury waivers, pointing to the paramount constitutional standing of the right to jury trial, impose a presumption *against* finding a waiver of the constitutional right, or at least require that the waiver have been knowing and voluntary. (*Medical Air Technology Corp. v. Marwan Inv., Inc.* (1st Cir. 2002) 303 F.3d 11, 18; *Paracor Finance, Inc. v. General Elec. Capital Corp.* (9th Cir. 1996) 96 F.3d 1151, 1166, fn. 21; *Telum, Inc. v. E.F. Hutton Credit Corp.* (10th Cir., 1988) 859 F.2d 835, 837; *K.M.C. Co. v. Irving Trust Co.* (6th Cir. 1985) 757 F.2d 752, 758; *National Equipment Rental, Ltd. v. Hendrix* (2d Cir. 1977) 565 F.2d 255, 258; *Cooperative Finance Ass'n., Inc. v. Garst* (N.D. Iowa 1995) 871 F.Supp. 1168, 1171 [collecting cases]; *Malan Realty Investors, Inc. v. Harris, supra,* 953 S.W.2d at p. 627; *Fairfield Leasing Corp. v. Techni-Graphics* (N.J.Super.Ct.App.Div. 1992) 256 N.J.Super. 538 [607 A.2d 703, 706]; 47 Am.Jur.2d (1998) Jury, § 72, pp. 777–778; Annot., Contractual Jury Trial Waivers in State Civil Cases, *supra,* 42 A.L.R.5th § 5, pp. 82–83.)

Many courts, indulging a presumption against waiver and requiring that the waiver be knowing and voluntary, have been forced to examine particular waiver clauses to evaluate font size, use of italics, and the position of the waiver clause within the contract (see *National Equipment Rental, Ltd. v. Hendrix, supra,* 565 F.2d at p. 258; *RDO Financial Services Co. v. Powell* (N.D. Tex. 2002) 191 F.Supp.2d 811, 813; *Cooperative Finance Ass'n, Inc. v. Garst, supra,* 871 F.Supp., at pp. 1171–1172; *Fairfield Leasing Corp. v. Techni-Graphics, supra,* 607 A.2d at p. 706 [relying upon the U. Com. Code and refusing to enforce an inconspicuous "non-negotiated jury waiver clause" in a form contract when the resisting party was not represented by counsel]; 7 Standard Pa. Practice 2d (2005 supp.) § 42:4), and to determine whether the parties were represented by counsel and to examine the parties' relative bargaining power. (*RDO Financial Services Co. v. Powell, supra,* 191 F.Supp.2d at p. 813; *Whirlpool Financial Corp. v. Sevaux* (N.D.Ill. 1994) 866 F.Supp. 1102, 1105–1106; *Lowe Enterprises, L.P. v. Dist. Ct., supra,* 40 P.2d at pp. 410–411; *Fairfield Leasing Corp. v. Techni-Graphics, supra,* 607 A.2d at p. 706.) There is disagreement whether the party seeking to enforce or the party seeking to avoid the waiver clause should bear the burden of proof that the contract was entered into knowingly and voluntarily. (*Medical Air Technology Corp. v. Marwan Inv., Inc., supra,* 303 F.3d at p. 18, fn. 3; *RDO Financial Services Co. v. Powell, supra,* 191 F.Supp.2d at p. 813; Annot., Contractual Jury Trial Waivers in Federal Civil Cases, *supra,* 92 A.L.R.Fed. at p. 695.)

■ In sum, after considering the history of California's constitutional and statutory provisions governing waiver of the right to jury trial, we conclude that it is for the Legislature, not this court, to determine whether, and under what circumstances, a predispute waiver of jury trial will be enforceable in this state.

■ Real party and some of the amicus curiae briefs filed in support of real party suggest that, because predispute waivers of the right to jury trial assertedly have become commonplace in the commercial context, in reliance upon *Trizec, supra,* 229 Cal.App.3d 1616, our decision should apply only prospectively. In light of the nature of the interests at stake, we do not believe that it would be appropriate to apply our decision prospectively. Ordinarily, judicial decisions apply retrospectively. (*Burris v. Superior Court* (2005) 34 Cal.4th 1012, 1023 [22 Cal.Rptr.3d 876, 103 P.3d 276]; *Smith v. Rae-Venter Law Group* (2002) 29 Cal.4th 345, 372 [127 Cal.Rptr.2d 516, 58 P.3d 367].) Although prospective application may be appropriate in some circumstances when our decision alters a settled rule upon which parties justifiably relied, ordinarily this is only when a decision constitutes a " 'clear break' " with decisions of *this* court or with practices we have sanctioned by implication, or when we "disapprove[] a longstanding and widespread practice expressly approved by a near-unanimous body of lower-court authorities." (*People v. Guerra* (1984) 37 Cal.3d 385, 401 [208 Cal.Rptr. 162, 690 P.2d 635].) The decision in *Trizec, supra,* 229 Cal.App.3d 1616, a single Court of Appeal decision that erroneously interpreted our state Constitution, is hardly the kind of "uniform body of law that might be justifiably relied on . . . ." (*Burris v. Superior Court, supra,* 34 Cal.4th at p. 1023.)

Moreover, in light of our determination that governing California constitutional and statutory provisions do not permit predispute jury waivers, it would not be appropriate to enforce such a waiver and thereby deny the right to jury trial to a party who has timely and properly requested such a trial and complied with other applicable statutory prerequisites. Our decision will not deny any party a substantial right or his or her day in court—real party has not put forth any theory under which parties have a substantial right *not* to have future disputes resolved by a jury. Our decision simply will deny to those who might have acted in reliance upon *Trizec, supra,* 229 Cal.App.3d 1616, a benefit that they never had the right to obtain—that is, a predispute waiver of the right to a jury trial. Under our decision, of course, once a dispute arises the parties may elect to waive a jury trial (pursuant to the means set forth in section 631) and have the matter determined by the court.

## III

The judgment of the Court of Appeal is affirmed.

Kennard, J., Baxter, J., Chin, J., Moreno, J., and Spencer, J.,* concurred.

**CHIN, J.,** Concurring.—I reluctantly concur in the majority opinion. While the majority's conclusion adheres to a strict parsing of Code of Civil Procedure section 631, subdivision (d) (maj. opn., *ante,* at pp. 959–960),[1] I write separately to urge the Legislature to enact legislation expressly authorizing predispute jury waivers. (Cal. Const., art. I, § 16.)

As the majority acknowledges, our decision is out of step with the authority in other state and federal jurisdictions, most of which have permitted predispute jury waivers. (Maj. opn., *ante,* at pp. 965–966.) The Texas Supreme Court recently observed that "nearly every state court that has considered the issue has held that parties may agree to waive their right to trial by jury in certain future disputes, including the supreme courts in Alabama, Connecticut, Missouri, Nevada, and Rhode Island. The same is true of federal courts." (*In re Prudential Ins. of America* (Tex. 2004) 148 S.W.3d 124, 132–133 [47 Tex. Sup. Ct. J. 1104], fns. omitted (*In re Prudential*).) Only the Supreme Court of Georgia (*Bank South, N.A. v. Howard* (Ga. 1994) 264 Ga. 339 [444 S.E.2d 799]), and now our court, have reached a different conclusion.

Section 631, subdivision (d)(1) through (6), currently provides the only means by which parties may waive jury trial in a civil case. Although our state Constitution declares that the right to a jury trial is "inviolate" (Cal. Const., art I., § 16), and we have described such right as "sacred in its character" (*Exline v. Smith* (1855) 5 Cal. 112, 113), the Legislature has prescribed methods by which a party may impliedly waive, i.e., *forfeit,* the right to a jury trial by failing to undertake certain actions, such as depositing necessary fees. (See § 631, subd. (d)(1), (4), (5), (6).) As real party Price-WaterhouseCoopers L.L.P. argues, it makes little sense to authorize such forfeitures, and yet categorically prohibit knowing and voluntary jury trial waivers simply because they are made before any dispute arises.

Although the Court of Appeal here concluded that section 631, subdivision (d)(2) does not authorize predispute jury waivers, it nonetheless described such waivers as offering an "attractive middle ground" between jury trials and arbitration; agreements between parties to resolve future disputes by

---

*Presiding Justice of the Court of Appeal, Second Appellate District, Division One, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1] All further statutory references are to the Code of Civil Procedure unless otherwise noted.

court trial would minimize fears of excessive jury awards while affording greater procedural safeguards than those available in arbitration. The Texas Supreme Court explained the appeal of a predispute jury waiver this way: "[I]f parties are willing to agree to a non-jury trial, we think it preferable to enforce that agreement rather than leave them with arbitration as their only enforceable option. By agreeing to arbitration, parties waive not only their right to trial by jury but their right to appeal, whereas by agreeing to waive only the former right, they take advantage of the reduced expense and delay of a bench trial, avoid the expense of arbitration, and retain their right to appeal. The parties obtain dispute resolution of their own choosing in a manner already afforded to litigants in their courts. Their rights, and the orderly development of the law, are further protected by appeal. And even if the option appeals only to a few, some of the tide away from the civil justice system to alternate dispute resolution is stemmed." (*In re Prudential, supra,* 148 S.W.3d at p. 132.)

As the majority emphasizes (maj. opn., *ante,* at pp. 956, 958), we long ago evinced the belief that any "ambiguity" in section 631 "should be resolved in favor of according to a litigant a jury trial." (*Loranger v. Nadeau* (1932) 215 Cal. 362, 368 [10 P.2d 63], overruled on other grounds in *Reich v. Purcell* (1967) 67 Cal.2d 551, 555 [63 Cal.Rptr. 31, 432 P.2d 727].) This should not, however, sound the death knell for predispute jury waivers. "While the public policy favoring jury trials subjects jury waiver agreements to strict construction, the application of that policy will not void every such agreement." (*Mall, Inc. v. Robbins* (Ala. 1982) 412 So.2d 1197, 1199.)

Indeed, we should join other jurisdictions in recognizing that "there is no abstract public policy against contractual waivers of the right to civil jury trial." (*Okura & Co. (America), Inc. v. Careau Group* (C.D.Cal. 1991) 783 F.Supp. 482, 488 (*Okura*) [citing Moore's federal practice treatise]; *Telum, Inc. v. E.F. Hutton Credit Corp.* (10th Cir. 1988) 859 F.2d 835, 837 ["Agreements waiving the right to trial by jury are neither illegal nor contrary to public policy"]; see also *In re Prudential, supra,* 148 S.W.3d at p. 131 ["Public policy that permits parties to waive trial altogether surely does not forbid waiver of trial by jury"].) As a practical matter, in a diversity action, a federal court will routinely enforce a knowing and voluntary predispute jury waiver as a matter of federal law. (See, e.g., *Okura, supra,* 783 F.Supp. at p. 488.) Our decision today would prohibit the same knowing and voluntary waiver if parties filed their action in state court.

Finally, numerous amici curiae argue that barring predispute jury waivers will have far-reaching negative consequences. I agree that the Legislature, and not this court, is the appropriate body to address and evaluate these concerns. (See maj. opn., *ante*, at pp. 966–967.) If amici curiae's concerns are valid, however, the Legislature has yet more reason to adopt the majority rule that predispute jury waivers are enforceable.