[No. B055490. Second Dist., Div. Two. May 10, 1991.]

TRIZEC PROPERTIES, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THOMAS PARTNERS/ADV. INCORPORATED et al., Real Parties
in Interest.

**COUNSEL**

Feinberg, Gottlieb & Grossman and Marshall W. Waller for Petitioner.

No appearance for Respondent.

No appearance for Real Parties in Interest.

**OPINION**

**NOTT, J.**—Petitioner, Trizec Properties, Inc., seeks a writ of mandate following the trial court's denial of a motion to strike real parties' request for a jury trial.

Petitioner and real parties entered into a commercial lease agreement which contains the following provision:

"Landlord [petitioner] and Tenant [real parties] hereby waive their respective right to trial by jury of any cause of action, claim, counterclaim or cross-complaint in any action, proceeding and/or hearing brought by either Landlord against Tenant or Tenant against Landlord on any matter whatsoever arising out of, or in any way connected with, this lease, the relationship of Landlord and Tenant, Tenant's use or occupancy of the Premises, or any claim of injury or damage, or the enforcement of any remedy under any law, statute, or regulation, emergency or otherwise, now or hereafter in effect."

Petitioner, alleging real parties "defaulted and failed to pay basic monthly rent" filed a breach of contract action. Real parties cross-complained alleging breaches of the express and implied covenants of quiet enjoyment and constructive eviction.

On May 18, 1990, petitioner filed an at-issue memorandum estimating a one-hour nonjury trial. Real parties then filed a counter at-issue memorandum estimating a five-day jury trial. On July 7, 1990, petitioner and real parties entered into a stipulation wherein real parties agreed to strike their request for jury trial and to "proceed to trial without a jury." Later, real parties engaged new counsel who filed an amended counter at-issue memorandum once again requesting trial by jury.

When petitioner moved to strike real parties' request for jury trial, the motion was denied on the ground that trial by jury is a constitutional right, the contractual waiver of which is void as against public policy. This petition followed.

■ Petitioner contends that the right to civil jury trial may be waived by an agreement entered into in advance of any pending action, pointing out that the majority of jurisdictions have upheld such express contractual waivers. (See 73 A.L.R.2d. 1332, at p. 1333.)

The California Constitution permits the waiver of jury trial in a civil action "by the consent of the parties expressed as prescribed by statute." (Cal. Const. art. I, § 16.) As an implementation of this constitutional mandate, Code of Civil Procedure section 631, subdivision (a)(2), provides that a party may waive a jury trial by " 'written consent filed with the clerk or judge.' " (*Madden* v. *Kaiser Foundation Hospitals* (1976) 17 Cal.3d 699, 712-713 [131 Cal.Rptr. 882, 552 P.2d 1178].) Section 631, however, "presupposes a pending action, and relates only to the manner in which a party to such action can waive his right to demand a jury trial instead of a court trial." (*Id.* at p. 713.)

Since the waiver was entered into prior to the filing of any action, Code of Civil Procedure section 631 is inapplicable to the facts of this case. In our opinion, however, article I, section 16, of the California Constitution cannot be read to prohibit individuals from waiving, in advance of any pending action, the right to trial by jury in a civil case.

Our conclusion is supported by those cases upholding the validity of arbitration agreements. These agreements not only permit the waiver of the right to trial by jury prior to the filing of any pending action, they permit the parties to a contract to "select a forum that is alternative to, and independent of, the judicial." (*Madden* v. *Kaiser Foundation Hospitals*, *supra*, 17 Cal.3d at p. 714.)

We do not mean to imply that contractual waivers of trial by jury will be upheld in all instances, or that such rights will be taken away from a party

who unknowingly signs a document purporting to exact a waiver. The right to trial by jury in a civil case is a substantial one not lightly to be deemed waived. On the other hand, in many commercial transactions advance assurance that any disputes that may arise will be subject to expeditious resolution in a court trial would best serve the needs of the contracting parties as well that of our overburdened judicial system.

Of course, to be enforceable, the waiver provision must be clearly apparent in the contract and its language must be unambiguous and unequivocal, leaving no room for doubt as to the intention of the parties. This is true in the instant concise bilateral agreement which is supported by consideration. Being neither illegal nor contrary to public policy there is no reason why it should not be honored.

This is a proper case for issuance of a peremptory writ in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].) The temporary stay issued January 17, 1991, is vacated.

Let a peremptory writ of mandate issue directing respondent to set aside its order denying petitioner's motion to strike real parties' request for jury trial, and to enter a new and different order granting the motion.

Gates, Acting P. J., and Fukuto, J., concurred.