47 Cal.Rptr.3d 683 (2006)
142 Cal.App.4th 99
WOODSIDE HOMES OF CALIFORNIA, INC. et al., Petitioners,
v.
The SUPERIOR COURT of San Joaquin County, Respondent;
Kimberly Wheeler et al., Real Parties in Interest.
No. C052432.
Court of Appeal of California, Third District.
August 21, 2006.
*684 Anwyl, Scoffield & Stepp, Lindy H. Scoffield and Richard A. Sullivan for Petitioners.
No appearance by Respondent.
Kahn Brown & Poore, Karen Kahn, Scott A. Brown and David M. Poore for Real Parties in Interest.
SIMS, Acting P.J.
Woodside Homes of California, Inc., (Woodside Homes) petitions for a writ of mandate to overturn orders vacating the appointment of a referee. The appointment was pursuant to a written contract providing that any controversy arising under it shall be submitted to a general judicial reference. The Superior Court vacated the appointment under the view that Grafton Partners v. Superior Court (2005) 36 Cal.4th 944, 32 Cal.Rptr.3d 5, 116 P.3d 479 (Grafton), prohibiting predispute waiver of the right to jury trial in the judicial forum, precludes enforcement of such a predispute contract for reference. Grafton has no such effect and we shall grant the petition.

FACTS AND PROCEDURAL BACKGROUND
Real party in interest Kimberly Wheeler bought a new Stockton subdivision home from Woodside Homes in February of 2003. The written real estate purchase contract for the transaction contains a reference provision, in pertinent part as follows:
"JUDICIAL REFERENCE OF DISPUTES. If either BUYER or SELLER commences a lawsuit for a dispute arising under this Agreement or relating to the condition, design or construction of any portion of the Property, all of the issues in such action, whether of fact or law, shall be submitted to general judicial reference pursuant to California Code of Civil Procedure sections 638[] and 641 through 645.1 or any successor statutes thereto."
In May of 2004 Wheeler filed a damages action in the San Joaquin County Superior Court against Woodside Homes alleging harm from construction defects. Woodside Homes answered the complaint and filed a motion for appointment of a referee for all purposes, pursuant to the contract. The motion was granted. Wheeler petitioned this court to overturn the appointment order and we denied the petition.
In August of 2005 the Supreme Court issued the Grafton opinion. Soon thereafter Wheeler made a motion to "invalidate" the reference provision in the contract on the ground it was a predispute jury trial waiver, which was unenforceable in light of Grafton, supra, 36 Cal.4th 944, 32 Cal. Rptr.3d 5, 116 P.3d 479. The superior court granted the motion and vacated the reference order. Woodside Homes moved *685 for reconsideration. The superior court denied the motion for reconsideration on the ground the holding in Grafton, supra, 36 Cal.4th 944, 32 Cal.Rptr.3d 5, 116 P.3d 479, is applicable. Woodside Homes's writ petition followed. We sent a letter to the parties stating we were considering issuing a peremptory writ pursuant to Palma v. U.S. Industrial Fasteners, Inc. (1984) 36 Cal.3d 171, 203 Cal.Rptr. 626, 681 P.2d 893.

DISCUSSION
Woodside Homes contends that the trial court erred in reading Grafton, supra, 36 Cal.4th 944, 32 Cal.Rptr.3d 5, 116 P.3d 479, as barring enforcement of "a written contract . . . that provides that any controversy arising therefrom shall be heard by a referee" under Code of Civil Procedure section 638.[1] Woodside Homes argues that such a contract provision results in a waiver of the right to jury trial "prescribed by statute" and thus permitted under Grafton. The contention of error is meritorious.
Grafton addresses the question of validity of a contract provision that the parties "agree not to demand a trial by jury in any action, proceeding or counterclaim arising out of or relating to [the subject of the contract]." (Grafton, supra, 36 Cal.4th 944, 950, 32 Cal.Rptr.3d 5, 116 P.3d 479.) The proponent of the provision relied upon Trizec Properties, Inc. v. Superior Court (1991) 229 Cal.App.3d 1616, 280 Cal.Rptr. 885. Trizec had held that although the statute addressing jury trial waiver in the judicial forum, section 631, did not authorize a predispute waiver, such a waiver was permissible without statutory authorization.[2] (Grafton, supra, 36 Cal.4th at pp. 951-952, 32 Cal.Rptr.3d 5, 116 P.3d 479.) The Supreme Court disapproved Trizec insofar as it permitted a waiver without statutory authorization. (Grafton, supra, 36 Cal.4th at pp. 956, 32 Cal.Rptr.3d 5, 116 P.3d 479.)
The Supreme Court agreed with Trizec, supra, 229 Cal.App.3d 1616, 280 Cal.Rptr. 885, that section 631 did not authorize such a waiver. The waiver proponent argued *686 that section 631, subdivision (d)(2), provided for a predispute waiver as one: "By written consent filed with the clerk or judge." (Grafton, supra, 36 Cal.4th at p. 957, 32 Cal.Rptr.3d 5, 116 P.3d 479; see fn. 2, ante.) The Supreme Court found this insufficient as it is ambiguous as to the time at which the written consent might be executed. It noted that the other subdivisions of section 631 clearly address circumstances after litigation had commenced:
"Similarly, the circumstance that five of the six subsections of section 631, subdivision (d) refer to an act or omission that, as a temporal matter, must occur entirely during the period following the commencement of litigation strongly suggests that the waiver described in subsection (2) also refers to an act that is undertaken entirely during the period after the lawsuit was filed. Specifically, a failure to appear, to demand jury trial, or to pay necessary fees  or an oral consent in open court  must occur in its entirety after the litigation has commenced. If the Legislature had intended a different temporal reach for section 631, subdivision (d)(2), we believe it would have explicitly stated so  as it did in connection with arbitration and reference agreements. (See §§ 638, 1281.)" (Grafton supra, 36 Cal.4th at p. 959, 32 Cal.Rptr.3d 5, 116 P.3d 479.)
Thereafter the Grafton opinion observes:
"We also do not find any indication [in section 631] the Legislature intended the result proposed by real party. On the contrary, when the Legislature has authorized waiver of the right to trial in a court of law prior to the emergence of a dispute, it has done so explicitly. . . . [F]or example . . . Section 638, authorizing courts to transfer a dispute to a referee upon the agreement of the parties, initially provided that a referee may be appointed `upon the agreement of the parties filed with the clerk, or judge, or entered in the minutes' (Stats.1951, ch. 1737, § 93, p. 4117), but that statute was amended in 1982 to include predispute agreements, now authorizing a judicial reference `upon the agreement of the parties filed with the clerk, or judge, or entered in the minutes, or upon the motion of a party to a written contract or lease that provides that any controversy arising therefrom shall be heard by a referee. . . .' (§ 638, as amended by Stats. 1982, ch. 440, § 1, p. 1810, italics added.)" (Grafton, supra, 36 Cal.4th at pp. 960, 32 Cal.Rptr.3d 5, 116 P.3d 479.)
This passage cites a predispute agreement for reference under section 638 as one example of an explicit statutory authorization of waiver to the right to trial in the judicial forum and, a fortiori, the right to jury trial.
The Grafton opinion explains the ostensible anomaly concerning predispute agreements as follows.
"In addition, arbitration (like reference hearings) conserves judicial resources far more than the selection of a court trial over a jury trial. It therefore is rational for the Legislature to promote the use of arbitration and reference hearings by permitting predispute agreements, while not according the same advantage to jury trial waivers." (Grafton, supra, 36 Cal.4th at p. 964, 32 Cal.Rptr.3d 5, 116 P.3d 479.)
Notwithstanding these unmistakable statements that a predispute reference agreement is not governed by the rationale of Grafton, supra, 36 Cal.4th 944, 32 Cal. Rptr.3d 5, 116 P.3d 479, Wheeler contends Grafton precludes enforcement of such agreement. She argues that because section 638 does not use the terms "jury" or "waiver" it does not unambiguously authorize a predispute jury trial waiver, as required for a statutory waiver by Grafton.
*687 In a consensual general reference, as here, the dispute is resolved by the decision of the referee. (§ 644) A statute permitting agreement for a reference unambiguously results in a waiver of "jury trial" without the need to use those words. Such a reference (like arbitration) entails dispensing with trial in the judicial forum, including jury trial. (See, e.g., Badie v. Bank of America (1998) 67 Cal.App.4th 779, 806, 79 Cal.Rptr.2d 273; Woodside Homes of Cal., Inc. v. Superior Court (2003) 107 Cal.App.4th 723, 729, 132 Cal. Rptr.2d 35.)
The 1982 extension of the "temporal reach" of section 638 to permit predispute agreements for reference is an unambiguous statutory authorization for waiver of the right to jury trial before a dispute arises. "Indeed it has always been understood without question that parties could eschew jury trial . . . by agreeing to a method of resolving that controversy, such as arbitration, which does not invoke a judicial forum. [Citation.]" (Grafton, 36 Cal.4th at p. 957, 32 Cal.Rptr.3d 5, 116 P.3d 479; italics added; original italics omitted.)
The trial court erred in vacating the judicial reference, and we shall issue a writ.

DISPOSITION
Having complied with the procedural requirements for issuance of a peremptory writ in the first instance, we are authorized to issue the peremptory writ forthwith. (See Palma v. U.S. Industrial Fasteners, Inc., supra, 36 Cal.3d 171, 203 Cal. Rptr. 626, 681 P.2d 893.) We issued a temporary stay to prevent an unnecessary trial. Upon finality of this decision the temporary stay order is vacated.
Let a peremptory writ of mandate issue directing respondent superior court to vacate its order granting the motion to "invalidate" the reference provision in the contract and vacating the reference. Petitioners shall recover their costs. (Cal. Rules of Court, rule 56.)
We concur: NICHOLSON and RAYE, JJ.
NOTES
[1] Undesignated statutory references are to the Code of Civil Procedure. Section 638 provides as pertinent: "A referee may be appointed upon the agreement of the parties filed with the clerk, or judge, or entered in the minutes, or upon the motion of a party to a written contract or lease that provides that any controversy arising therefrom shall be heard by a referee if the court finds a reference agreement exists between the parties:

"(a) To hear and determine any or all of the issues in an action or proceeding, whether of fact or of law, and to report a statement of decision.
"(b) To ascertain a fact necessary to enable the court to determine an action or proceeding." (§ 638, subds. (a), (b).)
[2] Section 631 provides as pertinent: "The right to a trial by jury as declared by Section 16 of Article I of the California Constitution shall be preserved to the parties inviolate. In civil cases, a jury may only be waived pursuant to subdivision (d).

"[¶] . . . [¶]
"(d) A party waives trial by jury in any of the following ways:
"(1) By failing to appear at the trial.
"(2) By written consent filed with the clerk or judge.
"(3) By oral consent, in open court, entered in the minutes.
"(4) By failing to announce that a jury is required, at the time the cause is first set for trial, if it is set upon notice or stipulation, or within five days after notice of setting if it is set without notice or stipulation.
"(5) By failing to deposit with the clerk, or judge, advance jury fees as provided in subdivision (b).
"(6) By failing to deposit with the clerk or judge, at the beginning of the second and each succeeding day's session, the sum provided in subdivision (c)." (§ 631, subds.(a), (d).)