Filed 10/31/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

<table>
<tr><td>

ZEAAD HANDOUSH,

      Plaintiff and Appellant,

v.

LEASE FINANCE GROUP, LLC,

      Defendant and Respondent.

</td><td>

A150863

(Alameda County
Super. Ct. No. RG16800919)

</td></tr>
</table>

Plaintiff Zeaad Handoush appeals from an order granting defendant Lease Finance Group, LLC's (LFG) motion to dismiss based upon a forum selection clause in the parties' lease agreement. The clause designates the State and County of New York as the forum for any dispute between the parties and designates New York law as governing all disputes. It also includes a jury trial waiver. Handoush argues the trial court erred because enforcing the forum selection clause and related choice of law clause deprives him of his substantive right to a jury trial, which is unwaivable at the predispute stage under California law. We reverse.

**BACKGROUND**

On January 21, 2016, Handoush, the owner of Whelan's Cigar Store, sued LFG alleging LFG defrauded Handoush regarding a lease agreement for credit card processing equipment between Handoush and LFG, as assignee of Americorp Leasing, LLC.[1] The complaint alleges causes of action for fraud, rescission, injunctive relief and violation of

---

[1] The complaint includes as coplaintiffs: Whelan's Cigar Store; Samir Elzofri; Ghannem Enterprises, Inc.; and Big Al's Zahave Smoke and Gift Shop. It also names other companies and individuals as defendants, but the plaintiffs later dismissed all defendants except LFG. Handoush is the only appellant.

Business and Professions Code section 17200. Attached to the complaint is the lease agreement, which states in relevant part: "GOVERNING LAW; CHOICE OF FORUM;WAIVER OF JURY TRIAL; LIMITATION OF ACTION. You and we agree that our acceptance and execution of the Lease at our executive office in the City and State of New York shall be the final act necessary for the formation of this Lease. This Lease, and any and all actions, proceedings, and matters in dispute between you and us, whether arising from or relating to the Lease itself, or arising from alleged extra-contractual facts prior to, during, or subsequent to the Lease (all collectively referred to hereafter as a "Dispute"), shall be governed by the laws of the State of New York, without regard to the conflict of law, rules or principles thereof. All Disputes shall be instituted and prosecuted exclusively in the federal or state courts located in the State and County of New York notwithstanding that other courts may have jurisdiction over the parties and the subject matter. YOU AND WE WAIVE, INSOFAR AS PERMITTED BY LAW, TRIAL BY JURY IN ANY DISPUTE. . . ."

On November 11, 2016, LFG moved to dismiss the complaint under Code of Civil Procedure section 410.30, subdivision (a), based upon the forum selection clause in the lease agreement. Handoush's opposition argued that he was unaware of the forum selection clause, and he submitted an unsigned declaration in support of his argument. He also argued the clause is unenforceable because it would deprive him of his substantive right to a jury trial. According to Handoush, because the forum selection clause also purports to deprive him of the right to a jury trial, the burden is shifted to LFG to show that litigating in the contractually designated forum will not diminish Handoush's substantive rights afforded under California law. *Grafton Partners v. Superior Court* (2005) 36 Cal.4th 944 (*Grafton*), forbids predispute jury trial waivers, whereas under New York law such waivers are enforceable. Handoush argued that LFG failed to meet its burden to demonstrate that enforcing the forum selection clause will not diminish Handoush's substantive rights. LFG's reply brief below did not address Handoush's burden shifting or substantive rights arguments. Instead it argued that forum selection clauses are presumptively valid and that Handoush's declaration is irrelevant.

2

On January 10, 2017, the court affirmed its tentative ruling and issued an order granting LFG's motion to dismiss. The court found that Handoush did not meet his heavy burden of demonstrating that the forum selection clause is unreasonable. The court noted Handoush's declaration in opposition to the motion is unsigned and concluded Handoush submitted no admissible evidence in opposition. The court rejected Handoush's argument that the burden shifts to LFG to demonstrate that the forum selection clause will not diminish his substantive rights under California law, finding that such burden shifting only applies where a plaintiff's claim involves unwaivable rights created by California statutes. In addition, the court states "the right to trial by jury is not unwaivable" under Code of Civil Procedure section 631. Finally, the order states, "Plaintiffs argue that California law forbids predispute waiver of the right to a jury trial, unlike New York law, citing *Grafton Partners v. Superior Court* (2005) 36 Cal.4th 944, 962. Although that is true, nothing in the *Grafton* case precludes parties from entering [into] a predispute agreement that New York law applies to their dispute." (Italics added.)

On February 28, 2017, Handoush filed a timely notice of appeal.

## DISCUSSION

"There is a split of authority regarding the appropriate standard of review on whether a forum selection clause should be enforced through a motion to dismiss for forum non conveniens." (*Quanta Computer Inc. v. Japan Communications Inc.* (2018) 21 Cal.App.5th 438, 446.) "The majority of cases apply the abuse of discretion standard, not the substantial evidence standard." (*Korman v. Princess Cruise Lines, Ltd.* (2019) 32 Cal.App.5th 206, 214, fn. 6.) We do not resolve this dispute here because the trial court erroneously granted LFG's motion under either standard.

"California favors contractual forum selection clauses so long as they are entered into freely and voluntarily, and their enforcement would not be unreasonable. [Citation.] This favorable treatment is attributed to our law's devotion to the concept of one's free right to contract, and flows from the important practical effect such contractual rights have on commerce generally." (*America Online, Inc. v. Superior Court* (2001) 90

3

Cal.App.4th 1, 11 (*AOL*).)  But "California courts will refuse to defer to the selected forum if to do so would substantially diminish the rights of California residents in a way that violates our state's public policy."  (*Id.* at p. 12.)

A mandatory forum selection clause such as the one at issue here is generally given effect unless enforcement would be unreasonable or unfair, and the party opposing enforcement of the clause ordinarily bears the burden of proving why it should not be enforced.[2]  (*Verdugo v. Alliantgroup, L.P.* (2015) 237 Cal.App.4th 141, 147 (*Verdugo*).) However, the burden is "reversed when the claims at issue are based on unwaivable rights created by California statutes [in which case] the party seeking to enforce the forum selection clause bears the burden to show litigating the claims in the contractually designated forum 'will not diminish in any way the substantive rights afforded . . . under California law.' "  (*Ibid.*, quoting *Wimsatt v. Beverly Hills Weight etc. Internat., Inc.* (1995) 32 Cal.App.4th 1511, 1522 (*Wimsatt*).)

Handoush argues that the forum selection clause impacts his substantive rights under California law because it includes a predispute waiver of the right to a jury trial and such a right is unwaivable, even voluntarily, under California law.  Accordingly, he argues the court erred in failing to place the burden on LFG to prove litigating in New York will not result in a diminution of his substantive rights under California law.  LFG argues that Handoush's case against LFG does not involve claims based on unwaivable rights under a statutory scheme such as those at issue in *Verdugo*, *AOL*, and *Wimsatt*, and therefore the burden should not shift to LFG.  Although Handoush's claims are not based on a statutory scheme,[3] we find that enforcing the forum selection clause here would be

---

[2] Mandatory forum selection clauses—as opposed to permissive clauses—require the parties to litigate exclusively in the designated forum.  Permissive forum selection clauses only require the parties to submit to jurisdiction in the designated forum. (*Verdugo*, *supra*, 237 Cal.App.4th at p. 147, fn. 2.)

[3] Handoush asserts a cause of action for violation of Business and Professions Code section 17200, California's unfair competition law (UCL).  However, he did not argue below, and he does not argue on appeal, that this claim provides for unwaivable statutory rights.  We note that unlike the statutes at issue in *Wimsatt*, *AOL*, and *Verdugo*,

4

contrary to California's fundamental public policy protecting the jury trial right and prohibiting courts from enforcing predispute jury trial waivers.

## A. Burden of Proof

In *Wimsatt* the court reversed an order dismissing a lawsuit alleging violations of California's Franchise Investment Law (Corp. Code, § 31000 et seq.), finding that the defendant bore the burden to show litigation in the selected forum will not diminish the plaintiff's substantive rights. (*Wimsatt*, *supra*, 32 Cal.App.4th at pp. 1522, 1524.) "One of the most important protections California offers its franchise citizens is an antiwaiver statute which voids any provision in a franchise agreement which waives any of the other protections afforded by the Franchise Investment Law. [Citation.] A forum selection clause, however, carries the potential to contravene this statute by placing litigation in a forum in which there is no guaranty that California's franchise laws will be applied to a franchisee's claims. . . . If a forum selection clause places in-state franchisees in an out-of-state forum which uses some balancing test (or equivalent) to determine that the law of the out-of-state forum should be used in place of California's, then a forum selection clause in a franchise agreement will have effectively circumvented California's antiwaiver statute. . . . [¶] . . . [¶] Given California's inability to guarantee application of its Franchise Investment Law in the contract forum, its courts must necessarily do the next best thing. In determining the 'validity and enforceability' of forum selection provisions in franchise agreements, its courts must put the burden on the franchisor to show that litigation in the contract forum will not diminish in any way the substantive rights afforded California franchisees under California law." (*Id.* at pp. 1520–1522, fn. omitted.)

*AOL* applied the same reasoning when it affirmed the denial of a motion to dismiss a lawsuit alleging claims under the Consumers Legal Remedies Act (Civ. Code, § 1750

the UCL does not contain an antiwaiver provision. (*Net2Phone, Inc. v. Superior Court* (2003) 109 Cal.App.4th 583, 589.) We do not consider issues not raised below. (*Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 800–801.)

et seq.) (CLRA). The court found that because the CLRA included an antiwaiver provision, the burden rests on the defendant (the party seeking to enforce the forum selection clause) "to prove that enforcement of the forum selection clause would not result in a significant diminution of rights to California consumers." (*AOL*, *supra*, 90 Cal.App.4th at p. 10.)

More recently, in *Verdugo*, the court reversed an order dismissing a lawsuit alleging wage and hour violations under the Labor Code, finding that the defendant failed to meet its burden to show that enforcing the forum selection clause would "not diminish in any way" the plaintiff's unwaivable statutory rights. (*Verdugo*, *supra*, 237 Cal.App.4th at pp. 144, 157–158, 160, 162, italics omitted.) "[A] defendant can meet its burden only by showing the foreign forum provides the same or greater rights than California, or the foreign forum will apply California law on the claims at issue." (*Id.* at p. 157.) The court found the defendant's argument that a Texas court " 'would most likely apply California law to Verdugo's claims notwithstanding the [Employment Agreement's] choice of law provision' " insufficient to meet its burden, and noted that the defendant could have stipulated, but did not stipulate, to have a Texas court apply California law. (*Id.* at pp. 158–160, italics omitted.)

### B. Enforcement of Forum Selection Clause Violates Fundamental California Policy Protecting Jury Trial Rights

As we have stated, Handoush's claims are not based upon a statutory scheme which includes an antiwaiver provision like the claims at issue in *Wimsatt*, *AOL*, and *Verdugo*. However, Handoush's complaint includes a demand for a jury trial, which Handoush correctly argues is unwaivable in predispute contracts under California law. (*Grafton*, *supra*, 36 Cal.4th 944.) Article I, section 16 of the California Constitution states the right to trial by jury is "an inviolate right," and "[i]n a civil cause a jury may be waived by the consent of the parties as prescribed by statute." (Cal. Const., art. I, § 16.) Section 631 of the Code of Civil Procedure states, "The right to a trial by jury as declared by Section 16 of Article I of the California Constitution shall be preserved to the parties inviolate. In civil cases, a jury may only be waived pursuant to subdivision (f)." (Code

6

Civ. Proc., § 631, subd. (a).)  Subdivision (f) enumerates six actions by a party that will waive trial by jury, including "[b]y written consent filed with the clerk or judge."  (*Id.*, subd. (f)(2).)  *Grafton* discusses California's constitutional history and states that the right to a jury trial in California is "fundamental," "inviolate," and "sacred."  (*Grafton*, at pp. 951, 956.)  Our high court held that the waiver methods specified in Code of Civil Procedure section 631 are exclusive and they apply only after a lawsuit has been filed.  (*Id.* at p. 956.)  Section 631 does not authorize predispute waivers of the right to jury trial by parties who submit their disputes to a judicial forum, and, therefore, the court may not enforce such waivers.  (*Grafton*, at pp. 951, 956, 961, 967.)

LFG correctly argues that the issue in *Grafton* is the enforceability of a predispute jury trial waiver in a case brought in California under California law in which the proper forum was not in dispute.  Nonetheless, *Grafton* instructs that because the right to jury trial in California is a fundamental right that may only be waived as prescribed by the Legislature, courts cannot enforce predispute agreements to waive a jury trial.  (*Grafton*, *supra*, 36 Cal.4th at pp. 953, 956; see *Rincon EV Realty LLC v. CP III Rincon Towers, Inc.* (2017) 8 Cal.App.5th 1, 13–14 (*Rincon*) [applying *Grafton* analysis to choice of law question and finding that application of New York law to permit enforcement of the predispute contractual jury waivers would be contrary to fundamental California policy].)

While California law holds predispute jury trial waivers are unenforceable, it is undisputed that under New York law there is no similar prohibition.  (See *Grafton*, *supra*, 36 Cal.4th at p. 962.)  Handoush argues that enforcing the forum selection clause here will result in an impermissible predispute waiver of his right to a jury trial, which is an unwaivable right under California law.  LFG argues that *Wimsatt*, *AOL*, and *Verdugo* are distinguishable because Handoush's claims are not statutory.  Although Handoush's claims against LFG are not based on a statutory scheme that includes an antiwaiver provision, he has demanded a jury trial, the right to which is inviolate under the California Constitution, and which may only be waived by the methods enumerated by the Legislature.  (Cal. Const., art. I, § 16; Code Civ. Proc., § 631.)  We reject LFG's argument that because Handoush's claims are not based on a statutory scheme with an

antiwaiver provision, the reasoning of *Wimsatt*, *AOL*, and *Verdugo* does not apply. Here, Handoush raises a constitutional right, which California law holds is unwaivable at the predispute stage.

Handoush asserts, without citation, that his jury trial right is substantive. LFG does not address whether the jury trial right raised by Handoush is procedural, rather than substantive. Because *Wimsatt*, *AOL*, and *Verdugo* apply burden shifting in order to protect substantive rights under California law, we consider whether Handoush's asserted right to a jury trial, which is not waivable at the predispute stage under California law, is a substantive or procedural right.

Whether the right to a jury trial in a civil case is a substantive or a procedural right is an open question. (Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 2018) ¶ 2:291; *Cloud v. Market Street Ry. Co.* (1946) 74 Cal.App.2d 92, 102 ["The question whether to demand a jury trial or waive one and try the case to the court is one of trial tactics and procedure only, and the waiving of a jury trial does not in any sense affect the substantial rights of a party"]; *Blanton v. Womancare, Inc.* (1985) 38 Cal.3d 396, 412 (conc. opn. of Bird, C. J.) ["the ultimate determination to waive a right as fundamental and 'substantial' as the right to a jury trial should rest with the client."].)

In *In re County of Orange* (9th Cir. 2015) 784 F.3d 520, the Ninth Circuit considered whether a court sitting in diversity should apply federal or state law to determine the enforceability of a jury trial waiver clause. The court analyzed this *Erie* doctrine[4] question and stated, "A substantive rule is one that creates rights or obligations, or 'is bound up with [state-created] rights and obligations in such a way that its application in the federal court is required.' [Citation.] A procedural rule, by contrast, defines 'a form and mode of enforcing' the substantive right or obligation. [Citation.] Although helpful, these definitions have their limits: '[T]here is no bright line distinguishing substance from procedure, [and] the meanings of these terms shade into one another by degrees and vary from context to context.' [Citation.]" (*Id.* at p. 527.)

---

[4] *Erie R. Co. v. Tompkins* (1938) 304 U.S. 64 (*Erie*).

8

Recognizing the challenge of classifying California's law regarding predispute jury trial waivers as "substantive" or "procedural" for *Erie* purposes, the court explains: "On the one hand, rules dictating when a party waives its right to a jury trial are procedural, and 'federal courts sitting in diversity apply . . . federal procedural law.' [Citation.]  California's rule that pre-dispute jury trial waivers are unenforceable is not a rule that creates 'rights and obligations' for the parties to a contract [citation], nor is it a rule that dictates the substance of a potential award [citation].  Rather, the rule—which allocates tasks between a judge and a jury—describes 'merely a form and mode of enforcing' the law.  [Citations.]  Such rules are procedural under *Erie*. [¶] . . . [¶] On the other hand, California's rule is substantive.  It is a state rule of contract interpretation that furthers the state constitutional policy favoring jury trials [citation], and rules of contract interpretation and construction are plainly substantive under *Erie* [citation]. [¶] But even if we view California's rule as primarily procedural, we are not convinced that federal courts sitting in diversity may disregard it. . . .  [F]ederal courts sitting in diversity must give full effect to state procedural rules when those rules are 'intimately bound up with the state's substantive decision making' or 'serve substantive state policies.'  [Citations.]  California's rule on pre-dispute jury trial waivers embodies the state's substantive interest in preserving the 'right to a jury trial in the strongest possible terms' [citation], an interest the California Constitution zealously guards, *see* Cal. Const. art. I, § 16 . . . ."  (*In re County of Orange*, *supra*, 784 F.3d at pp. 529–530.)

The Ninth Circuit held, "The law governing jury trial waivers in federal court is federal procedural law.  But the federal rule most courts use to evaluate such waivers— the 'knowing and voluntary' standard—is a federal constitutional minimum.  Its application is not required where, as here, state law is more protective than federal law of the jury trial right.  So we are faced with a void in federal law.  Rather than expand the constitutional 'knowing and voluntary' standard to fill that void, we adopt state law as the federal rule.  This means that federal courts sitting in diversity must apply the relevant state law to evaluate the validity of a pre-dispute jury trial waiver when that law is more protective than federal law."  (*In re County of Orange*, *supra*, 784 F.3d at pp. 531–532.)

9

In reaching this conclusion, the court noted the " 'substantive thrust' " of the state rule. (*Id.* at p. 531.)

Here, we are not concerned with an *Erie* question, but we find the Ninth Circuit's discussion of the substantive nature of the *Grafton* rule instructive, and we agree that even if this rule is considered procedural, it is " 'intimately bound up with the state's substantive decision making' " and it " 'serve[s] substantive state policies' " of preserving the " 'right to a jury trial in the strongest possible terms' [citation], an interest the California Constitution zealously guards [citation]." (*In re County of Orange*, *supra*, 784 F.3d at p. 530.) We hold that because enforcement of the forum selection clause here has the potential to contravene a fundamental California policy of zealously guarding the inviolate right to a jury trial, which is unwaivable by predispute agreements, LFG bears the burden of showing that litigation in New York "will not diminish in any way [Handoush's] substantive rights . . . under California law." (*Wimsatt*, *supra*, 32 Cal.App.4th at pp. 1520–1522.)

LFG argues that Handoush mischaracterizes the proceedings below as based upon a choice of law analysis when the only issue decided was enforcement of the forum selection clause. According to LFG, the issue of whether to enforce the jury trial waiver should properly be decided by a New York court. We reject LFG's argument. Although the issue before the court below was forum selection, case law demonstrates that choice of law is commonly considered together with a forum selection clause. (See *AOL*, *supra*, 90 Cal.App.4th at pp. 13–16 [finding that enforcement of the forum selection clause, which is also accompanied by a choice of law provision favoring Virginia, would necessitate waiver of the statutory remedies of the CLRA, in violation of the CLRA's antiwaiver provision and California public policy]; *Hall v. Superior Court* (1983) 150 Cal.App.3d 411, 416 [enforceability of forum selection and choice of law clauses is "inextricably bound up" in one another].) Here, enforcing the forum selection clause in favor of New York will put the issue of enforceability of the jury trial waiver contained in the same agreement before a New York court. Because New York permits predispute jury trial waivers, and California law does not, enforcing the forum selection clause has

10

the potential to operate as a waiver of a right the Legislature and our high court have declared unwaivable.[5] (*Verdugo*, *supra*, 237 Cal.App.4th at p. 152.)

LFG also relies upon a comment in *Rincon*, *supra*, 8 Cal.App.5th 1, in support of its argument that the trial court's order should be affirmed. In *Rincon*, the court performed a choice of law analysis to determine whether New York or California law applied to determine the enforceability of jury trial waivers. (*Id.* at pp. 10–18.) As part of its choice of law analysis, *Rincon* considered whether California (the forum state) had a materially greater interest than New York (the contractually selected choice of law) in determining the enforceability of jury trial waivers. (*Id.* at pp. 14–15.) The court found that California, as the forum, had the paramount interest and stated: "Those protected, by definition, are litigants in the California courts. Were the venue changed in this lawsuit to New York—we note that no party ever sought to bring that about—the jury trial right the parties enjoy in our court would not travel with them." (*Id.* at p. 18.) LFG argues that here, unlike in *Rincon*, it successfully changed the forum, and, therefore, any right Handoush might have under California law regarding predispute jury trial waivers does not " 'travel with' him" to New York.

LFG's argument is unpersuasive. First, *Rincon* did not address the issue before this court, and therefore it is not authority for whether enforcing a forum selection clause which includes a jury trial waiver is contrary to California's fundamental public policy protecting the jury trial right and prohibiting courts from enforcing predispute jury trial waivers. (*American Federation of Labor v. Unemployment Ins. Appeals Bd.* (1996) 13

---

[5] The trial court's order finds the jury trial right is not unwaivable and cites to Code of Civil Procedure section 631. Although the court's statement is correct, it is beside the point. As discussed in *Grafton*, section 631 enumerates the exclusive methods by which a party may waive the right to a jury trial. (*Grafton*, *supra*, 36 Cal.4th at pp. 956–957.) However, *Grafton* holds that predispute jury trial waivers are not expressly permitted under section 631, and therefore they are unenforceable under California law. (*Id.* at pp. 961, 967.) Whether the right to a jury trial is waivable under other circumstances is not the relevant question. The issue here is enforcement of a forum selection clause which includes a *predispute* jury trial waiver.

11

Cal.4th 1017, 1039 ["As we have often observed, '. . . cases are not authority for propositions not considered' "].)  Second, the statement in *Rincon* upon which LFG relies is dictum.  (*Areso v. CarMax, Inc.* (2011) 195 Cal.App.4th 996, 1006 ["Mere observations by an appellate court are dicta and not precedent, unless a statement of law was 'necessary to the decision, and therefore binding precedent[]' "].)  Third, it is precisely *because* litigation in New York may diminish Handoush's substantive right under California law, and LFG has not met its burden to show otherwise, that the forum selection clause should not be enforced.  (*Wimsatt*, *supra*, 32 Cal.App.4th at pp. 1520–1522.)

Finally, LFG asserts that Handoush's arguments are academic because he is not entitled to a jury trial on any of his claims even under California law.  While it may be that Handoush is not entitled to a jury trial for his equitable claims (*Rincon EV Realty LLC v. CP III Rincon Towers, Inc.*, *supra*, 8 Cal.App.5th at p. 19), he also alleges fraud.  LFG argues Handoush does not have a right to a jury trial as to his legal claim for fraud because as a matter of law he cannot establish the elements of fraud given that his complaint admits he entered the lease agreement based upon representations of another store owner, and not based on any representation by LFG.  We do not read Handoush's complaint so narrowly.  Furthermore, the legal sufficiency of Handoush's fraud claim was not challenged below, and we will not find for the first time on appeal that his claim as pleaded fails as a matter of law.

In conclusion, we find the trial court erred in enforcing the forum selection clause in favor of a New York forum where the clause includes a predispute jury trial waiver, which *Grafton* instructs is unenforceable under California law.  LFG failed to show that enforcement of the forum selection clause would not substantially diminish the rights of California residents in a way that violates our state's public policy.  (*Verdugo*, *supra*, 237 Cal.App.4th at p. 147.)

12

**DISPOSITION**

The order of dismissal is reversed.  The matter is remanded for the superior court to enter a new order denying Lease Finance Group's motion to dismiss.  Handoush shall recover his costs on appeal.

_____
Wick, J.[*]


WE CONCUR:


_____
Siggins, P. J.


_____
Fujisaki, J.


A150863/*Handoush v. Lease Finance Group, LLC*

---

[*] Judge of the Superior Court of Sonoma County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

<u>A150863/Handoush v. Lease Finance Group, LLC</u>

Trial Court:   Superior Court of Alameda County

Trial Judge:   Victoria S. Kolakowski, J.

Counsel:      Law Offices of Ian Booth Kelley and Ian Booth Kelley for Plaintiff and Appellant.

              Daniel B. Harris for Defendant and Respondent.