IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROCKTENN CP, LLC, a Delaware corporation, and ROCKTENN SHARED SERVICES, LLC, a Georgia limited liability company, | § § § § § | No. 120, 2014 |
| | § | |
| Defendants-Below, Appellants, | § § | Court Below: Court of Chancery of the State of Delaware |
| | § | |
| v. | § | C.A. No. 8837 (VCL) |
| | § | |
| BE&K ENGINEERING COMPANY, LLC, n/k/a KBR ENGINEERING COMPANY, LLC, a Delaware corporation, | § § § | |
| | § | |
| Plaintiff-Below, Appellee. | § § | |

Submitted: October 15, 2014
Decided: October 16, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices; and **RYAN**, Judge,[*] constituting the Court *en Banc*.

Upon appeal from the Court of Chancery. **AFFIRMED**.

John T. Dorsey, Esquire, Martin S. Lessner, Esquire, Mary F. Dugan, Esquire, Emily V. Burton, Esquire, Young Conaway Stargatt & Taylor, LLP, Wilmington, Delaware; C. Walker Ingraham, Esquire, Anna R. Palmer, Esquire, Esther Slater McDonald, Esquire, Sara M. LeClerc, Esquire, Seyfarth Shaw LLP, Atlanta, Georgia; Rebecca Woods, Esquire (*argued*), Seyfarth Shaw LLP, Washington, D.C., for Appellants.

Joseph R. Slights, III, Esquire, Jason C. Jowers, Esquire, Elizabeth A. Powers, Esquire, Morris James LLP, Wilmington, Delaware; Jonathan R. Friedman, Esquire, Robert P. Marcovitch, Esquire (*argued*), Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, Atlanta, Georgia for Appellee.

**STRINE**, Chief Justice:

---

[*] Sitting by designation under Del. Const. art. IV, § 12.

The appellants raise a novel issue for the first time on appeal. They claim that a trial court, in considering whether to grant an injunction against a litigant pressing claims in another forum in arguable violation of an exclusive forum provision, may not consider factual statements made by the defendant in pleadings and affidavits in that simultaneously pending litigation as binding judicial admissions. The appellants bring this argument even though they have not retracted those statements, and, in fact, repeated many of them to the trial court. This is an interesting issue that raises arguments not considered by this Court before. In a commercial dispute like this that does not involve fundamental rights, like child custody or a criminal defendant's liberty, the interests of justice would be disserved, not furthered, by allowing the appellants to raise this issue for the first time on appeal. Thus, we will not consider that argument.

Based on the arguments and record properly presented to the Court of Chancery, we conclude that the Court of Chancery should be affirmed on the basis of its thorough opinion of January 15, 2014.[1] The appellants' contention that expensive discovery *might* reveal a state of events where the appellee unwittingly provided work under some unspecified contract – a contract other than the one that the appellants themselves said was central to the parties' relationship – was not sufficient to generate a genuine issue of fact to preclude summary judgment.

For the foregoing reasons, the judgment of the Court of Chancery is hereby AFFIRMED.

---

[1] *BE&K Engineering Company, LLC v. RockTenn CP, LLC*, 2014 WL 186835 (Del. Ch. Jan. 15, 2014).