**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ANZU PARTNERS LLC, a Florida Limited Liability Company; ANZU RBI MEZZANINE PREFERRED LLC, a Delaware Limited Liability Company; ANZU RBI MEZZANINE PREFERRED GP LLC, a Delaware Limited Liability Company; ANZU INDUSTRIAL FUND I ANNEX LP, a Delaware Limited Partnership, Kevin Hill, | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No. 2024-0526-PAF |
| OMEGAX, INC., a California Corporation, | ) ) ) | |
| Defendant, | ) | |

**POST-TRIAL ORDER**

**I.    WHEREAS:[1]**

1.    On November 10, 2023, defendant OmegaX, Inc. ("OmegaX" or the "Defendant"), OmegaX Merger Sub, Inc. ("Merger Sub"), Pivotal Systems Corporation ("Pivotal"), and plaintiff Anzu RBI Mezzanine Preferred GP LLC ("Anzu Mezzanine GP"), as representative for the securityholders of Pivotal, entered

---

[1] Trial exhibits are cited as "JX" followed by the relevant section, page, paragraph, or exhibit number. Citations to the docket in this action are in the form of "Dkt. [#]." Stipulated facts in the Dkt. 46 are cited as "Joint Stip." After being identified initially, individuals are referenced herein by their surnames without regard to honorifics. No disrespect is intended. Unless otherwise indicated, citations to the parties' brief are to pre-trial briefs.

into an agreement and plan of merger (the "Merger Agreement").[2] The Merger Agreement provided for OmegaX to acquire Pivotal in an all-cash transaction. Upon the closing of the transaction on November 19, 2023,[3] Pivotal merged with and into Merger Sub, a wholly owned subsidiary of OmegaX, with Pivotal surviving (the "Merger").

2. Plaintiff Anzu Partners, LLC ("Anzu") is a Florida limited liability company. Plaintiff Anzu Industrial Fund I Annex LP (collectively with Anzu, Anzu Mezzanine GP, and Anzu Mezzanine, the "Anzu Plaintiffs") is a Delaware limited partnership.[4]

3. Plaintiff Kevin Hill (collectively with the Anzu Plaintiffs, the "Plaintiffs") was, before the merger, the chief executive officer of non-party Pivotal and executed the Merger Agreement on behalf of Pivotal.[5]

4. Pivotal is a Delaware corporation with its principal place of business in California.[6]

---

[2] JX 3; Joint Stip. at ¶ 12.

[3] *See* JX 5 at 2.

[4] Joint Stip. ¶ 7.

[5] *Id.* ¶ 3.

[6] *Id.* ¶ 1.

5.     Defendant OmegaX is a California corporation with its principal place of business in California.[7]  OmegaX Merger Sub, Inc. ("Merger Sub") was a Delaware corporation.[8]

6.     Section 7.10 of the Merger Agreement designates Delaware law to govern the contract (the "Choice of Law Clause") and for the courts of Delaware as the exclusive forum for any disputes that might arise under the Merger Agreement (the "Forum Clause").  Section 7.10 states, in pertinent part:

> This Agreement, and all claims arising hereunder or related thereto, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of Delaware without reference to such state's principles of conflicts of law.  Each of the parties hereby expressly and irrevocably submit[] to the exclusive jurisdiction of the Delaware Court of Chancery in and for New Castle County, or in the event (and only in the event) that such Delaware Court of Chancery does not have subject matter [jurisdiction] over such dispute, any Delaware State court sitting in New Castle County, unless the federal courts have exclusive jurisdiction, in which case the federal courts located in New Castle County in the State of Delaware (collectively, the "Specified Courts"), preserving, however, all rights of removal to such federal court under 28 U.S.C. 1441…

7.     The parties also agreed to waive any right to a jury trial.[9]

8.     On April 4, 2024, OmegaX filed a complaint against the Plaintiffs in the California Superior Court for the County of Alameda, *OmegaX, Inc. v. Anzu*

---

[7] *Id.* ¶ 8.

[8] *Id.* ¶ 9.

[9] *See* JX 3 § 7.12.

*Partners LLC, et al.*, C.A. No. 24CV070406, (the "California Action").[10]  The California Action asserts claims under the California Securities Act (the "California Blue Sky Claim"), common law fraud, conspiracy, and aiding and abetting.[11]  The complaint in the California Action requests a jury trial and punitive damages.[12]  OmegaX, the plaintiff in the California Action, strategically chose not to allege breach of the Merger Agreement.

9.      On May 17, 2024, the Anzu Plaintiffs filed a verified complaint in this court alleging breach of the Merger Agreement and seeking to enjoin OmegaX from pursuing the California Action in contravention of the Forum Clause.  The complaint requests declaratory and injunctive relief, specific performance, and damages.[13]  The Anzu Plaintiffs also filed a motion for expedited proceedings.[14]  After motion practice, this court granted the Anzu Plaintiffs' motion to expedite without hearing argument.[15]

10.     On June 17, Anzu Plaintiffs filed a motion for a preliminary injunction to enjoin OmegaX from pursuing its claims against the Anzu Plaintiffs in the

---

[10] Joint Stip. ¶ 14; JX 5.

[11] *Id.* ¶ 16.

[12] *Id.* ¶ 19.

[13] Dkt. 1.

[14] Dkt. 2.

[15] Dkts. 21, 25, 31.

California Action.[16] After briefing and argument, the court granted the motion on August 2.[17]

11. On August 29, the court entered an order granting Hill's motion to intervene as a plaintiff in this action under Court of Chancery Rule 24(b)(1)(B).[18] Hill adopted the Anzu complaint in entirety.[19]

12. The court held a one-day trial on a paper record on September 23, 2024.[20] The parties presented two central issues at trial: (a) whether the Forum Clause is unenforceable because applying it would deprive OmegaX of a jury trial in contravention of California public policy and (b) whether the Forum Clause and Choice of Law Clause would deprive OmegaX of pursuing its unwaivable right under California law to pursue its California Blue Sky Claim.[21]

13. On September 25, this court entered an order (i) amending the preliminary injunction to also enjoin OmegaX from pursuing all claims against Hill in the California Action and (ii) deferring decision and staying this action until after

---

[16] Dkt. 24.

[17] Dkts. 32, 34, 35.

[18] Dkts. 42, 45.

[19] Dkt. 45 at 3.

[20] Dkt. 54.

[21] JX 5. *See* Dkt. 48 ("Def.'s Answering Br."); Dkt. 64 ("Def.'s Post-Trial Answering Br.") at 2-5.

the California Supreme Court issued a final decision in *EpicentRx, Inc. et al. v. The Superior Court of San Diego County*, Case No. S282521.[22]

14.     On July 21, 2025, the California Supreme Court issued its decision in *EpicentRx, Inc. v. Superior Court of San Diego County*, 572 P.3d 1 (Cal. 2025). Thereafter, the parties submitted supplemental briefing on the implications of *EpicentRx* to this case.[23]

NOW THEREFORE, IT IS HEREBY ORDERED, this 6th day of November, 2025, as follows:

15.     "[T]he Court of Chancery has subject matter jurisdiction to enjoin violations of a valid forum selection clause." *Nat'l Indus. Gp. (Hldg.) v. Carlyle Inv. Mgmt., L.L.C.*, 67 A.3d 373, 383 (Del. 2013).  A permanent injunction is warranted if the moving party: (1) proves actual success on the merits of its claims, (2) demonstrates that other remedies are inadequate, and (3) shows that the harm that will result if an injunction is not issued outweighs the harm that the non-movant will suffer if it is issued.  *In re Covid-Related Restrictions on Religious Servs.*, 285 A.3d 1205, 1224, 1228 (Del. Ch. 2022).

---

[22] Dkt. 55.  OmegaX and the Plaintiffs have agreed to refrain from engaging in any written discovery or depositions regarding OmegaX's claims against Plaintiffs in the California Action until this court rules on Plaintiffs' pending claims.  Joint Stip. ¶ 21.

[23] Dkts. 63–65.

16. The court has already found, and the parties did not dispute in their briefing or at trial that, if the Forum Clause is valid and enforceable, then the following is true: (i) the Anzu Plaintiffs would suffer irreparable harm by being forced to litigate in a forum other than what is provided for in the Merger Agreement, thereby demonstrating that a permanent injunction would be warranted and (ii) the balance of equities favors the Anzu Plaintiffs.[24] This equally applies as to Hall, and Defendant has not argued that he is differently situated than the Anzu Plaintiffs. Therefore, prongs two and three of the test are satisfied as to all Plaintiffs.

17. To prove success on the merits, Plaintiffs must show that (i) the Forum Clause is enforceable and (ii) Defendant breached the Forum Clause by commencing and maintaining the California Action.

18. At trial, Defendant argued two reasons against enforcement of the Forum Clause. First, Defendant contended that the Forum Clause was void and unenforceable as against California's prohibition against pre-dispute jury trial

---

[24] *See* Dkt. 41; *see also ASDC Hldgs., LLC v. Richard J. Malouf 2008 All Smiles Grantor Retained Annuity Tr.*, 2011 WL 4552508, at *8 (Del. Ch. Sept. 14, 2011) (explaining, a party will suffer irreparable harm if it is forced to litigate in a forum other than the contractually agreed upon forum, because that party will be deprived of the benefit of the bargain it struck, regardless of whether it later prevails on the merits); *SPay, Inc. v. Stack Media Inc.*, 2021 WL 1109181, at *2 (Del. Ch. Mar. 23, 2021) (citing *BE & K Eng'g Co., LLC v. RockTenn CP, LLC*, 2014 WL 186835, at *23 (Del. Ch. Jan. 15, 2014), *aff'd*, 103 A.3d 512 (Del. 2014)) (explaining, the balance of equities does not favor the party who breached a forum-selection clause, because the breaching party "will suffer no harm by being forced to bring [its] claims in the forum where [it] agreed by contract to litigate.").

waivers.[25] Defendant has since conceded this argument after the California Supreme Court's *EpicentRx* decision,[26] which held that a forum selection clause is not unenforceable "on public policy grounds based solely on the clause's impact on plaintiff's jury trial right." *EpicentRx*, 572 P.3d at 18.

19.     Omega's second argument, which it still maintains, contends that the Forum Clause is invalid because of California's "strong public policy against waiving the protections of California's blue sky laws."[27]

20.     The Defendant frames this as a dispute over the enforceability of the Forum Clause.  The Defendant argues that the Forum Clause cannot be enforced because doing so "would . . . contravene California's strong public policy against

---

[25] Defendants argued that California has a strong public policy prohibiting pre-dispute jury trial waivers as outlined in Article I, Section 16 of the California Constitution, which provides, that "[t]rial by jury is an inviolate right," and that "[i]n a civil cause a jury may be waived by the consent of the parties . . . as prescribed by statute."  The California legislature has provided that, except in certain circumstances not present here, a civil jury trial may only be waived after a dispute has arisen.  *See* Cal. Code Civ. Pro., § 631, subd. (a), (f); *see also Grafton P'rs v. Super. Ct.*, 116 P.3d 479,  482 (Cal. 2005).  Therefore, defendants argued that the enforcement of the Forum Clause would contravene California's strong public policy against pre-dispute jury trial waivers because the Court of Chancery does not hold jury trials.  Def.'s Answering Br. 25; *see Pennzoil Co. v. Getty Oil Co.*, 473 A.2d 358, 364 (Del. Ch. 1984) ("Pennzoil wants to present its damage claims against Texaco for tortious interference to a jury.  It cannot do so in this Court since there is no right of a litigant to a trial by jury in the Delaware Court of Chancery"); *Preston Hallow Cap. LLC v. Nuveen LLC*, 216 A.3d 1, 11 n. 64 (Del. Ch. 2019) (explaining that jury trials are mere "vestigal [*sic*] structure[s]" in the Court of Chancery).  Thus, Defendants argue, "enforcement of the forum selection clause will result in OmegaX losing its fundamental right to a jury trial and under *Bremen* the clause cannot be enforced." *Id.*

[26] Def.'s Post-Trial Answering Br. 1.

[27] *See* Def.'s Post-Trial Answering Br. 1.

waiving the protections of California's blue sky laws." Defendant points to California Corporations Code Section 25701, which provides: "any condition, stipulation or provision purporting to bind any person acquiring any security to waive compliance with any provision of [the California Securities Act] or any rule or order hereunder is void."[28]

21.     The real basis of this argument is the combined effect of both the Forum Clause and the Choice of Law Clause.  Defendant does not cite any authority which suggests that the Forum Clause, standing alone, prevents Defendant from asserting its California Blue Sky Claim in a Delaware court.  Rather, the issue is the applicability and scope of the Delaware Choice of Law Provision.  Read literally, the Delaware Choice of Law Provision would preclude the Defendant from asserting a California Blue Sky Claim arising out of the Merger.

22.     This court has previously addressed this precise issue.  In *Swipe*, this court held that a contractual Delaware choice of law provision and Delaware exclusive forum provision in a stock purchase agreement did not extinguish the plaintiff's California blue sky law claim.  After a thorough and detailed analysis, this court explained that the choice of law provision did not result in a waiver of plaintiff's California blue sky law claim, because doing so "would offend California

---

[28] Def.'s Answering Br. 36.

public policy." The court denied the motion to dismiss the California blue sky law claim in the Delaware action and held that it could be pursued in Delaware.

23. Defendant does not challenge this court's decision in *Swipe* or its reasoning. Instead, it argues Plaintiffs can prevail only if (1) Plaintiffs concede that Defendant can pursue a California Blue Sky Claim in this court; and (2) this court will "guarantee" that OmegaX can pursue a California Blue Sky Claim in this court. The first argument is moot. The Plaintiffs have acknowledged that "a Delaware forum is not unjust or unreasonable . . . nor would it diminish any of Defendant's unwaivable blue-sky rights."[29]

24. Second the argument fails because it asks this court to give an impermissible advisory opinion on a complaint that has not been filed in this court. *See Buzzfeed, Inc. v. Anderson, et al.*, 2022 WL 15627216, at *19 (Del Ch. Oct. 28, 2022) ("[T]his Court will not render an advisory opinion in advance of litigation or in the absence of a factual situation giving rise to an imminent controversy between the parties.") (citation modified). For example, if OmegaX were to assert only a California blue sky law claim seeking money damages in this court, it could present a question for which this court might not have subject matter jurisdiction.

---

[29] Dkt. 65 at 4.

25. *Swipe* held that a California blue sky law claim can be litigated in a Delaware court, notwithstanding a contractual provision that dictates Delaware law alone governs any claims arising under the contract. The court need not go beyond that decision to reject Defendant's arguments in opposition to the Plaintiffs' claims.

26. The Plaintiffs have proven success on the merits of their claims. Therefore, the Plaintiffs have established the right to a permanent injunction that enjoins Defendant from continuing to litigate the California Action.

**Scope of relief.**

27. Plaintiffs have requested an order not only enjoining Defendant from pursuing its claims in the California Action, but also "enjoining Defendant from further breach of the Merger Agreement."[30] Defendants oppose the Plaintiffs' proposed injunction to the extent it extends beyond the California Action.[31]

28. A permanent anti-suit injunction that extends beyond extant litigation is warranted only if "there is reason to believe that a defendant will resume his wrongful course of conduct . . . [not where the plaintiff has] already achieved the relief sought by successfully obtaining an antisuit injunction that forced [the defendant] to litigate all of his claims [in Delaware]." *Vivint Solar, Inc. v. Lunderberg*, 2024 WL 2755380, at *41 (Del. Ch. May 30, 2024). Absent such a

---

[30] *Id.;* Dkt. 1 at 9.

[31] Def.'s Answering Br. 53-54.

showing, the movant is effectively seeking an improper advisory opinion. *See Buzzfeed*, 2022 WL 15627216, at \*19. There is no reason to believe that OmegaX will continue to violate the Merger Agreement after entry of this order. If Defendant does so, Plaintiffs can file a new action in this court.

29. Plaintiffs have established a right to a permanent injunction. Defendant is permanently enjoined from pursuing the California Action and the claims brought in that action in a non-Delaware court.

**CONCLUSION**

For the foregoing reasons the Forum Clause is enforceable. The Defendant breached the Forum Clause by filing and maintaining the California Action. Plaintiffs' request for a permanent injunction against Defendant for bringing the California Action in a forum other than that chosen in the Forum Clause is granted, and Plaintiffs' additional requested relief is denied.

*/s/ Paul A. Fioravanti, Jr.*
Vice Chancellor